D. REDMAN *et al* v. THOMAS REDMAN *et al.*

Under the former Equity practice it was discretionary with the Chancellor to refer the issues of fact to a jury, but he could never refer them to a Master in Chancery, or a Referee or Commissioner.

Therefore it is erroneous to refer complicated questions of fact to a person designated by the Court to take the account and report to the Court.

Although the granting of an issue is a discretionary act of the Court, a mistake in the exercise of that discretion is a just ground of appeal. If an issue be refused, and the appellate Court should think that a contrary decision would have been a sounder exercise of discretion, it will correct the order of the Court below.

This was a Bill in Equity, filed in 1866, and returnable to Fall Term of Iredell Court, heard before *Mitchell, J.*, at Spring Term, 1871, of IREDELL Superior Court.

The plaintiffs are the legatees of H. Redman, and filed their bill against the defendants as administrators with the will annexed of H. Redman, deceased, calling upon them for an account and settlement of the estate, and specially charging them with the sum of five hundred dollars in gold and silver, as the property of their testator, which came to the hands of the defendant, Thomas Redman, and was claimed by him as his own.

The other administrators do not answer. Thomas Redman alone answers, and claims the $500 as his own. All the defendants submit to an account as prayed for. The depositions of a large number of witnesses were taken, as to whether the $500 was the property of the testator, or of the defendant Thomas.

At Fall Term, 1870, the case was referred to M. L. McCorkle, Esq., as Commissioner, to take and state an account, and report to the next Term of the Court. At Spring Term, 1871, Mr. McCorkle made a report which did not embrace the ac-

counts of the whole estate, but reported his finding on the evidence as to the ownership of the $500.

To this report, exceptions were filed by the defendant, Thos. Redman. This report was set aside, and his Honor directed that it should be referred back to Mr. McCorkle, to state the account and report, &c.

Whereupon it was moved by the defendant, Thomas Redman, for reasons set forth in an affidavit, that the Court order an issue to be submitted to a jury, as to the ownership of the $500, which was objected to by all the other parties, and refused by the Court, from which the defendant Thomas, appealed.

*W. P. Caldwell, Armfield* and *Blackmer & McCorkle,* for complainants.

*Bailey,* for defendant.

The case having been commenced under the old system, it is submitted should be governed by the old Equity practice, and under that, "A reference was never made to establish a fact, put in issue by the pleadings, but always relates to some matter supplemental to the relief granted at the hearing." *Lunsford* v. *Bostion,* 1 Dev. Eq. 483.

When replication is filed to an answer, the complainant may have the opinion of a jury upon the facts in issue. *Marshall* v. *Marshall,* 2 C. L. R. 435.

Any fact stated in the bill and denied in the answer, may be inquired into, if required, and the Court will not refuse to submit it as an issue to the jury. *Smith* v. *Bowen,* 2 Hay. 296, 482.

So on a direct conflict of testimony, the Supreme Court will direct feigned issues. *Witherspoon* v. *Dula,* 2 D. & B. Eq. 279.

And on a bill to set aside a deed as a forgery, and where the Court entertained no doubt of its having been forged, yet, the

defendant was held entitled to have the question tried by a jury.   *Cooper* v. *Cooper*, 2 Dev. Eq. 298.

Additional cases, *Arnsworthy* v. *Cheshire*, 2. Dev. Eq. 456

DICK, J.   This is a suit in equity, commenced before the adoption of the C. C. P., and is governed by the rules of plead. ing and procedure in Courts of Equity.   When facts are presented by the pleadings and proofs, which are controverted and material, and the evidence is unsatisfactory or contradictory, a Chancellor usually directs issues to be submitted to a jury in a Court of Common Law.

The granting of an issue is discretionary with the Court; but in the exercise of a sound discretion, and upon timely application made by either party, the Chancellor ought to refer all questions of fact, which are rendered doubtful, by a conflict in the evidence taken in the cause.

In such cases, the Chancellor may decide the question himself; or he may direct proper issues to be tried by a jury; but he cannot refer them to a Master in chancery, or a referee, or commissioner.

The Master's office is a branch of the Court of Equity; and a reference to the Master is generally made for one of the three following purposes:

1st.  For the protection of absent parties, against the possible neglect, or malfeasance of the litigants.

2nd.  For the more effectual working out of details, which the Judge, sitting in Court, is unable to investigate.

3d.  For supplying defects or failures in evidence.   Adams' Eq. 379.

The business of the Master is to assist and enlighten the Court; but he cannot decide material questions of fact, which are controverted in the pleadings and proofs, and which determine the rights of the litigant parties involved in the cause. Such matters belong to the high prerogative jurisdiction of the

Chancellor. In many of the United States, the discretionary power of Courts of Equity, in determining controverted questions of fact, is greatly abridged by constitutional and statutory provisions, which require such questions to be submitted to a jury.

This power of Courts of Equity under our old system, was not restricted, but existed to the same extent, as in the Court of Chancery in England. There are many cases where a Court is more competent to decide questions of fact than a jury ; as for instance, where the questions entirely depend upon conflicting documents. There are also cases where the weight of the testimony is so manifest and satisfactory, that the Chancellor needs nothing to enlighten his conscience. But the jury is the most appropriate tribunal when there is contradictory evidence, between persons of equal credit, who have had equal opportunities of information, and the evidence is so equally balanced on both sides, that it becomes doubtful which scale predominates, and the matter may be determined by the conduct and testimony of the witnesses under a rigid cross examination.

Although the granting of an issue is a discretionary act of the Court, a mistake in the exercise of that discretion is a just ground of appeal ; and if an issue be refused, and the appellate Court should think that a contrary decision would have been a sounder exercise of discretion, it will rectify the order of the Court below accordingly. 2 Daniel, Ch. Pr. 1288. *Townsend* v. *Graves*, 3 Paige, 457.

In the case before us, his Honor erred in referring a controverted and material question of fact, to a commissioner, for determination.

We think upon our examination of the proofs, that the matter of fact in controversy, is rendered so doubtful, that his Honor in the exercise of a sound legal discretion, ought, upon the application of the defendant, Thomas Redman, to have directed issues, submitting the questions of fact to a jury.

There was error; and this opinion will be certified, that proper proceedings may be had in the cause.

PER CURIAM.                                        Error.