EMILY MOYE *vs.* DANIEL CODGELL and another.

1. Pending a motion to set aside an action, and cause satisfaction of judgment, upon which it was based to be entered upon a record a Judge of the Superior Court, can in the exercise of a sound discretion, submit such issues of fact to a jury arising on conflict of testimony as he may deem proper, and this Court will not attempt to control its exercise.

2. Under our present system, Courts of law and equity have been blended.

3. When a Judge of the Superior Court has power to pass upon questions of fact, in the administration of justice, and he becomes perplexed by a conflict of testimony he may and should enlighten his conscience by referring their solution to the determination of a jury, and in the meantime to cause the execution to be superseded.

4. A jury is the appropriate tribunal to determine matters of fact rendered doubtful by contradictory evidence.

5. A Judge may refer all questions of fact, which he can lawfully determine to the decision of a jury.

The cases of *Freeman* v. *Bibb*, 65 N. C. R., 128, and *Redman* v. *Redman*, 65 N. C. R., 546, cited and approved.

This was a motion made in the Superior Court of Wayne county, on notice by the defendants to set aside an execution and have satisfaction of the judgment entered of record many affidavits exhibiting great conflict of testimony, were submitted to His Honor, Judge Clarke.

His Honor ordered issues arising on the conflicting evidence to be submitted to a jury, and a supersedeas to issue in the meantime until a new trial could be had.

From this order of His Honor, the plaintiffs appealed to this Court. The transcript is so confused and unintelligible that but for the assistance of His Honor, who delivers the opinion, no report could be made.

*Battle & Sons* for appellant.
*Faircloth, Bragg & Strong* for appellee.

DICK, J. There is great confusion, and a number of unnecessary papers in this transcript ; and we would have found much difficulty in understanding the case, but for the explanations of counsel.

The plaintiff obtained a judgment against the defendants, and had an execution issued thereon. The defendants made a motion in the cause, founded upon affidavits, to have the execution set aside, and a satisfaction entered upon the record. His Honor after hearing affidavits on both sides, was not satisfied as to facts in the case, and ordered, "that the execution be superseded, and that proper issues of facts be made up, to be submitted to a jury," &c. The defendants adopted the proper course of procedure, and the Judge had the right to supersede the execution, and determine the matters of fact involved in the controversy. *Foreman v. Bibb*, 65 N. C. R., 128.

The only material question presented to us in the argument of counsel, is whether the judge had a right to direct issues of fact to be referred to a jury ?

Under the present system, courts of law and courts of equity have been blended, and both legal and equitable remedier are now enforced and administered in the Superior Court The Judge of such court is invested with most of the power formerly exercised by a chancellor.

When he has the power to pass upon questions of fact in

the administration of justice, and he is perplexed by a conflict of testimony, he may and he should enlighten and satisfy his conscience by referring them to a jury, which is the appropriate tribunal to determine matters of fact, rendered doubtful by contradictory evidence. *Redman* v. *Redman*, 65 N. C. R., 546.

Under the C. C. P., the parties to an action may agree to submit *issues of fact* joined by the pleading to the decision of the Court, and the Judge may refer all questions of fact which he can lawfully determine to the decision of a jury, when a doubt arises in his mind from a conflict of testimony.

We cannot interfere with the ruling of His Honor, and we are satisfied that the order complained of was made in the exercise of a wise discretion.

There is no error.

PER CURIAM                    Judgment affirmed.