WILSON B. FEREBEE *v.* THE N. C. MUTUAL HOME INSURANCE COM-
PANY.

Parol evidence is admissible to explain a receipt, given by an agent of an In-
surance Company, for the premium on a policy of insurance against loss or
damage from fire.

An Insurance Company is not bound by any private arrangement entered into
by their agent, acting without the knowledge or authority of the company,
in respect to the payment of the premium on a policy of insurance. Espe-
cially is this so, when the company, instead of affirming the action of the
agent, gives notice to the assured, to " pay his note when due, and save his
policy."

Although an Insurance Company may waive the right to declare a policy void,
for the reason, that a note given for cash premium is not paid at maturity;
still, such waiver does not preclude the company from insisting upon a
condition contained in the policy, declaring it void, in case of loss or dam-
age by fire, if the note so given, or any part thereof, shall remain unpaid
and past due, at the time of such loss or damage.

This was a CIVIL ACTION tried before *Pool, J.,* at the Fall
Term, 1871, of CAMDEN Superior Court.

In his complaint, the plaintiff alleges, that in January,
1870, the defendants through their accredited agent, Dr. R.
K. Speed, insured his dwelling house and furniture against
loss or damage by fire, to the amount of $1,999, and also his
barn and the corn therein, to the further amount of $267;
all of which was covered by one policy of insurance; that
he duly fulfilled all the conditions contained in the policy,
and that his said dwelling, with most of the furniture was
destroyed by fire, on the 18th day of August, 1870, for which
damage he demanded judgment, &c.

In their answer, the defendants admit the issuing of the policy upon the application of the plaintiff, but deny that the conditions therein set out, were ever performed by the plaintiff, or that any consideration was ever paid by him for the risk undertaken by the company. The loss and damage as alleged by plaintiff were established on the trial below.

In support of their answer, the defendants offered in evidence a note executed by the plaintiff, and payable on the 1st day of April, 1870, to the Secretary of the N. C. Mutual Home Insurance Company, for $30.83, "for value received," &c.; and proposed to prove by Dr. Speed, the agent of the company, that at the time of the plaintiff's application for insurance, the note was executed by him as a premium note, and the plaintiff distinctly informed, if the same was not paid at maturity, the policy issuing on the application would be void. The introduction of the note, and the testimony of the agent—for the reason that the contract of insurance was embodied in the application, note and receipt, which were in writing—were objected to by the plaintttff, but received by his Honor; the plaintiff excepted.

In reply, the plaintiff offered in evidence a receipt signed by the agent, Dr. Speed, purporting to have received the sum of $30.42, " on account of premium on insurance against fire, for which an application is this day made," &c.; and testifying himself, that at the time of the application, the agent, Speed, was indebted to him, and that upon his approaching him about insuring his property, that he, the plaintiff, stated he would do so, if he could use in payment of his premium the amount that he, Speed, owed him. That the agent said; "that would be all right," and gave him the note to sign, which he did, taking the receipt above alluded to. The plaintiff testified further, that he did not read the note, nor did he understand, that he was giving a premium note, and thought that he was getting a cash receipt, and that the

note was given for the accommodation of the agent himself. That he was not informed at the time, if the note was not paid at maturity, the policy would be void. Upon his cross-examination, the plaintiff admitted that he had received a notice from the company in the usual form, dated before the maturity of the note and headed, " Pay your premium note and save your policy," or words to that effect, and subsequently had received two similar notices dated respectively in April and June. That he did not pay the note after receiving the notices; but sheltering himself under the receipt of the agent, considered, that so far as he was concerned the note was paid. The evidence as to the indebtedness of the agent, Speed, to the plaintiff, as well as to the understanding between the agent and plaintiff at the time of the application for insurance, is contradictory, yet immaterial in the decision of the case, for the reason, that his Honor held, that even upon his own showing, the plaintiff could not recover.

Among the instructions asked by the plaintiff, the most of which were immaterial to the issue, he asked his Honor to instruct the jury, " that if the note given by him was regarded by defendants as a premium note, the defendants should within a reasonable time after its maturity, have cancelled it in whole or in part, and notifying plaintiff that his policy was void, offered to surrender the note. That from April to June was not a reasonable time." This instruction his Honor refused, and charged the jury, that upon the facts as proved, the plaintiff could not recover.

Verdict for defendants. Rule for a new trial; rule discharged. Judgment in favor of defendants for costs; and appeal by plaintiff.

*Batchelor & Son*, for appellant.
*Battle & Son* and *W. N. H. Smith*, contra.

1. The application is part of the policy, and both must be construed together. *Bobbitt v. The Liverpool and London and Globe Ins. Co.* 66 N. C. Rep. 70.

2. The recital of payment of consideration in money is no estoppel to prove his note. 1 Greenleaf Ev. Sec. 26.

3. Nor does this evidence contradict or impeach the recital of the consideration. The recital is merely of the *value* of the consideration, and when material, it may be shown in what that value consisted.

4. The issues proposed were immaterial. The plaintiff had notice that the defendants had his premium note and looked to him for payment; and of the condition of the policy, that if loss occurred and it was over due and unpaid, it could not be recovered.

5. The receipt as for money paid as the premium, not conclusive. Evidence admissible that a premium note was given instead of money. 1 Phil. on Ins. sec. 415. 1 Greenleaf Ev. secs. 26, 212, 305. 1 Phil. on Ev. p. 108, n. 194 and p. 594, n. 964. See also Bright. Fed. Dig. Tit. Evidence, sub-div. Receipts, p. 380.

SETTLE, J. We are of opinion, that the defendant had a right to introduce parol evidence to explain the receipt produced by the plaintiff. But the charge of his Honor relieves us from all questions, as to the admissibility of testimony, for it says in effect, that the plaintiff is not entitled to recover upon the case which he has proven. So the action stands before us, as it would have done, had there been a demurrer to the evidence.

The plaintiff alleges in his complaint, that the defendant insured his property against fire, on the tenth day of January, 1870; that his property was destroyed by fire, on the eighteenth day of August, in the same year, and that he (the plaintiff) duly fulfilled all the conditions of said insurance on his part. Is this true?

It is not pretended that the plaintiff paid his premium in cash, but he admits that he gave to the company what is known as a premium note, which fell due on the first day of April, 1870.

He alleges, and we are to take it as true, that there was a private understanding between Speed, the agent of the company, and himself, that Speed should pay this note to the company, in consideration of prior indebtedness from Speed to himself. But there is nothing to show, that Speed had authority from the company to make this arrangement, as to his private indebtedness, nor is there anything to show, that the company knew of this conduct on the part of their agent; and certainly it has done nothing to affirm his promise to the plaintiff, or to accept his liability for that of the plaintiff.

The company incurred risk, and rested under liability to the plaintiff, from the tenth day of January to the first day of April, when his note fell due. And the liability of the company continued after that date, provided the plaintiff had paid the premium, at any time before the fire; but there is an express stipulation in the policy, which bars the right of the plaintiff to recover, inasmuch as the premium was unpaid and past due at the time of the loss. " No insurance, whether original or continued, shall be considered as binding, until the actual payment of the cash premium. But when a note is given for cash premium, it shall be considered a payment, *provided the notes are paid when due.* And it is hereby expressly stipulated and agreed, by and between the parties, that in case of loss or damage by fire, to the property herein insured, and the note given for the cash premium, or any premium or any part thereof, *shall remain unpaid and past due at the time of such loss or damage, this policy shall be void and of no effect."*

Here is an unmistakeable condition, agreed upon by the parties to this policy; and the plaintiff tells us that he received three notices from the company, one before the ma-

turity of his note, and two afterwards, calling upon him to " pay his premium and save his policy." So he was not left in ignorance of the fact, that Speed had failed to comply with his private arrangement ; on the contrary, the plaintiff had repeated notice, that his note was still unpaid and past due.

The plaintiff risked everything upon his private arrangement with Speed, and paid no attention to the warnings of the company. This was his misfortune, and he is now left to his action against Speed for damages; but has no claim upon a company with which he contracted upon certain conditions, which conditions have never been fulfilled on his part, although he was repeatedly requested to do so.

But it was insisted upon the argument, that the defendants had waived their right to treat this policy as void, since they did not cancel, nor return the plaintiff's note, after it fell due. Granting for the argument that there was a waiver of the stipulation that the note should be paid on the first day of April, it cannot be maintained that there was a waiver of the further stipulation, " that in case of loss or damage by fire to the property herein insured, and the note given for the cash premium, or any premium or any part thereof, shall remain unpaid and past due at the time of such loss or damage, this policy shall be void and of no effect."

There was no error.

This will be certified, &c.

PER CURIAM.                    Judgment affirmed.