B. M. ISLER *v.* D. A. MURPHY, Ex'r., &c., and others.

The receipt of an attorney, not entered of record as a part of the proceedings of the Court, nor by its direction, is no part of the record; and if such receipt was improperly placed on the record, the Court should order its erasure, as being no part of the record proper.

When an issue of fact is raised, involving the merits of the controversy, and the defendant, in apt time, demands a jury to try that fact, *it is error* in the presiding Judge to refuse such demand, and try the issue himself.

In a motion for an execution upon a judgment obtained in the lifetime of the defendant's testator, and which is a lien upon his lands, his heirs are necessary parties: and if some of them are infants, some discreet person who will act, should be appointed guardian *ad litem* for such infants, and defend as the law prescribes.

(*Austin* v. *Rodman*, 1 Hawks 71; *State* v. *Coperning*, 10 Ired. 58; *Patterson* v. *Britt*, 11 Ired. 383; *Phillipse* v. *Higdon*, Busb. 383; 2 Jones 231; 5 Ired. 12; *Foreman* v. *Bibb*, 65 N. C. Rep. 128; *Moye* v. *Cogdell*, 66 N. C. Rep. 403; *Redman* v. *Redman*, *Ibid.* 546; *Keener* v. *Finger*, 70 N. C. Rep. 36; *Heileg* v. *Stokes*, 63 N. C. Rep. 612, cited and approved.)

This was a MOTION in the cause to amend the record, and for leave to issue an execution, heard before *Clarke*,

*Judge*, at the Spring Term, 1874, of WAYNE Superior Court.

The facts are fully stated in the opinion delivered by Justice BYNUM.

From the ruling of his Honor below, the defendants appealed.

*Faircloth & Granger*, for appellants.
*Battle & Son*, and *W. E. Clarke*, contra.

BYNUM, J. On the 5th of January, 1869, the testator of the defendants executed to the plaintiff, his bond for the sum of $4,312.26, and on the 25th of the same month confessed judgment thereon, and on the 27th day of January, executed a mortgage on land to secure the payment of $4,332 33 to be paid in two annual instalments. On the 14th of August, 1869, S. W. Isler, the general agent of the plaintiff, and who had transacted the whole business, entered upon the judgment docket a receipt upon the said judgment in the following words, viz:

"Received of J. T. H. Murphy the amount of this judgment and interest, and my fee and the plaintiff's cost.

S. W. ISLER, Attorney for Pl'ff."

The testator died in the Spring of 1873, leaving D. A. Murphy his executor, and the other defendants, his heirs-at-law. The plaintiff served a notice on the defendants, returnable to the Spring Term of the Court, 1874, and at that term, moved the Court to amend the record by striking out the said entry of satisfaction of the judgment, and for leave to issue execution thereon, pursuant to C. C. P., section 256.

This was resisted by the executor on two grounds:

1. For that the infant heirs were not made parties to the proceeding; and

2. For that the judgment had been discharged by the mort-

gage subsequently taken in satisfaction therof, of which the foregoing receipt of the attorney was evidence.

The plaintiff introduced affidavits tending to show that the judgment had not been paid, and the defendant affidavits that it had been paid, and upon the issue thus raised the defendant demanded a trial by jury. His Honor refused a jury trial, but tried the issue himself, and on the affidavits filed, found, as a fact, that the judgment had not been discharged, but was still unpaid and due, and ordered the record to be amended by erasing the receipt of the attorney, and also that execution should issue upon the judgment. The defendant appealed from these several orders.

I. It is the duty of the Court to make its own record, and the receipt of the attorney thereon not having been entered as a part of its proceedings, or by its direction was no part of the record. *Austin* v. *Rodman* 1 Hawks, 71; *State* v. *Corperning*, 10 Ired., 58; *Patterson* v. *Britt*, 11 Ired. 383. If, however, the entry was improperly there, it was not error to order its erasure, as being no part of the record proper. *Phillipse* v. *Higdon*, Busb. 383; 2 Jones 231; 5 Ired. 12.

The main question made by the parties, and the one which went to the merits of the whole case, was the issue of fact, to wit: whether the judgment had been satisfied, and when? Upon this issue, the defendant demanded a jury to try the fact, was he not, as matter of right, entitled to it?

The distinction between this case and *Foreman* v. *Bibb*, 65 N. C. Rep. 118, is that in the latter no jury was demanded upon the issues of fact, which were similar to this, but the issues there were submitted to the Court for trial upon the proofs. So the case of *Moye* v. *Cogdell*, 66 N. C. Rep., 403, is not in point, because there although both parties submitted the issues of fact to the Court, yet the Judge of his own motion submitted the issues to a jury, and it was held to be within his discretion to do so. In *Redman* v. *Redman*, 65 N. C. Rep., 546, it was held that although, under the old equity practice of granting of an issue, is a discretionary act of the

Court, yet where it appears to the Court, upon the proofs, that the fact in controversy is very doubtful, the Court, in the exercise of a sound legal discretion, ought, upon the application of one of the parties, to direct issues, submitting the questions of fact to the jury, and that a refusal to do so, was error. In that case an account was ordered, and, in taking it a question arose, whether $500 in gold, belonged to the testator or to the defendant, Thomas, who demanded a jury. The Court there say " that a mistake in the exercise of the discretion, is a just ground of appeal; and if an issue be refused and the appellate Court should think that the contrary decision would have been a sounder exercise of discretion, it will rectify the order of the Court below accordingly." In *Keener* v. *Finger*, 70 N. C. Rep. 35, cited by the plaintiff, the parties submitted to an account, and not having demanded a jury trial in *apt time*, were held bound by the finding of facts by the Court. In *Hieleg* v. *Stokes*, 63 N. C. Rep. 612, the distinction is made between " questions of fact," which may be determined by the Court, and " issues of fact," which it is the constitutional right of parties to have submitted to a jury, if a trial is demanded in apt time.

The plaintiff here demands of the defendants, a large debt, and that an execution shall be issued to collect it. The defendants, in effect, plead payment or an accord and satisfaction. An issue of fact is thus raised involving the merits of the whole case—as much so as if the defendant had been sued on the bond, and had put in the plea of payment. We can hardly conceive a clearer case for the intervention of a jury. And when we look into the testimony which is made a part of the record, we find it to be conflicting and positive, and by no means the weakest, on the part of the defendants. The demand of a jury, therefore, having been made at the earliest stage of the case, and in apt time, it was error to disallow the motion, and that too, without reference to the fact that it was a motion in the cause only, for though it be a motion in the

cause, it is one that goes to the ground of the action and is conclusive of the whole controversy.

II. The judgment was obtained in the lifetime of the testator, and is a lien upon his lands, which descended thus to his heirs, *cum onore.* If the judgment cannot be satisfied out of the personal estate, the burden must fall upon the land; the heirs, therefore, have the right to show that this encumbrance upon their estate has been removed. They are directly interested and are necessary parties to this litigation. But a part of them are infants, and although they were served with notice, and although the Court appointed the defendant, D. A. Murphy, their guardian, *pendente lite,* he expressly refused to act; so their rights are not defended. It was the duty of the plaintiff to have had appointed as guardian some discreet person, who was willing to act and defend as the law prescribes. Bat. Rev., chap. 17, secs. 59 and 82.

There is error. The judgment is reversed, and the cause remanded, to the end that further proceedings be had, in accordance with the opinion.

Per Curiam.                    Judgment reversed.