AMOS WADE v. DAVID M. CARTER.

*Evidence — Explanation of paper writing.*

The rule that a written contract cannot be contradicted, added to or taken from by parol evidence, does not apply to every writing; *Therefore*, when the defendant as attorney for the plaintiff had given A a written assignment of a judgment in favor of the plaintiff for an expressed consideration; *Held*, That parol evidence was admissible to show the circumstances under which the assignment was made and the actual consideration received by the defendant.

(*Brown* v. *Brooks*, 7 Jones, 93; *Wilson* v. *Derr*, 69 N. C. 137, and *McCall* v. *Gillespie*, 6 Jones, 533, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1876, of CRAVEN Superior Court, before *Seymour, J.*

The plaintiff alleged that the defendant was indebted to him in the sum of $298, and to establish his claim, relied on

.an instrument of writing, of which the following is a copy: " For and in consideration of the sum of $298 I hereby transfer and assign to N Beckwith a certain judgment obtained by A. Wade plaintiff against B. A. Ensley (and others) in the County Court of Craven at March Term, 1861, and authorize said Beckwith to settle with the trustees of B. A. Ensley therefor. The amount of said judgment at its date was $5,156, of which $4,700 was principal money, the same being the amount of a debt specified in a certain deed of trust from B. A. Ensley to E. H Sanderson and D. B. Gibbs, dated February 18, 1861, among the first-class of creditors." Signed A. Wade, by D M, Carter, his attorney, and dated March 8, 1873.

There was evidence tending to show that plaintiff had a suit .against M.'s. Ensley for a house in the city of Newbern and also held a judgment against her husband; that plaintiff employed defendant to get a release from her of said house and authorized him to release said judgment; that the money paid by B ckwith was not in consideration of the assignment, but was money arising from the trust fund and belonged to all the creditors, the plaintiff being one of them; that upon the release of said judgment and payment of the money by Beckwith, he (Beckwith) transferred to Mrs. Ensley, his interest in the real estate bought by him at a sale by her trustees; that said judgment was worthless except about $30 its *pro rata* share in said trust fund. The Court charged the jury, that if they believed from the evidence that the money was paid to defendant for the purchase of the judgment of Wade, the plaintiff would be entitled to a verdict. That if Beckwith paid to defendant the money belonging to the trust fund, they should find for the defendant. That in making up their minds upon that subject they would consider the assignment, signed by defendant, but that that assignment was not conclusive. The plaintiff ex-

cepted. The jury rendered a verdict for the defendant. Judgment. Appeal by plaintiff.

*Messrs. Green & Stevenson*, for the plaintiff.
*Mr. A. G. Hubbard*, for the defendant.

READE, J. It is settled, that a written contract cannot be contradicted, added to, or taken from, by parol evidence, offered by either of the parties thereto. But observe, that this doctrine applies to written *contracts* and not to *every writing*. As for instance, a receipt for money, which contains no evidence of a contract between the parties, is liable to be explained or altered by parol evidence; but it is otherwise where it is relied on as evidence of a *contract*. *Brown v. Brooks*, 7 Jones, 93. *Wilson v. Derr*, 69 N. C. 137. And other exceptions are numerous. As where there is a latent ambiguity in a written contract even, it may be explained by parol. *McCall v. Gillispie*, 6 Jones, 533.

In the case before us the plaintiff relies upon a writing which the defendant executed, not to him, but in his name, to one Beckwith, as follows: "For and in consideration of two hundred and ninety-eight dollars, I hereby transfer and assign to N. Beckwith, a certain judgment obtained by "A. Wade the plaintiff against" &c. (describing the judgment,) signed, A. Wade, by D. M. Carter, his Attorney." And the plaintiff insists, that that is a written contract between the defendant Carter and himself, that Carter had received from Beckwith $298 for him, and promised to pay the same to him.

Now, is that so? It says not a word about Carter's receiving any money. It says: "For and in consideration of $298, I transfer" &c. But whether the consideration had been paid theretofore, or was paid then, or was to be paid thereafter, is not stated. And further, no matter when or how it had been or was to be paid, it is not stated that it

had been or was to be paid to the defendant Carter; and it may just as well be *inferred* that it was paid to the plaintiff as to the defendant. It purports to speak the language of the plaintiff; "A Wade, by D. M. Carter, Attorney." And so much was the plaintiff oppressed by the insufficiency of the writing, that he did not rely on it to prove that the defendant received the money; but he introduced Beckwith as a witness, to prove that the defendant received the money. Now, why did he do that, if the writing itself showed it? Why did he introduce parol evidence to explain or add to the writing?

But the defendant, in order to make his defence full and clear, proposed to show that he never received any money for the plaintiff for the assignment of said judgment. But that the plaintiff had a suit against one Mrs. Ensly for a lot of land and that the plaintiff authorized him, the defendant, to transfer the judgment to Mrs. Ensly if she would give up the lot of land to the plaintiff, which she did. And that the defendant, instead of transferring the judgment to Mrs. Ensly, transferred it to said Beckwith, under some arrangement as we suppose from what is obscurely stated between Mrs. Ensly and Beckwith. And that the $298 which Beckwith paid to him at that time, was not for the transfer of the judgment nor was it for the plaintiff; but it was money which Beckwith owed certain trustees for property which he bought at the trust sale, in which the plaintiff and others were interested. That the plaintiff's share of that money was about $30, which sum he would owe the plaintiff but for the fact that the plaintiff owed him as much as that for professional services. That is what the defendant offered to show by parol evidence. His Honor allowed the evidence, and the jury found for the defendant.

There is no error.

PER CURIAM.                    Judgment affirmed.