S. W. ISLER, Ex'r, v. D. A. MURPHY, Ex'r.

*Estoppel—Evidence.*

1. A judgment can only estop as to matters which were adjudged or admitted in the record of a previous suit or proceeding.

2. The entry of satisfaction made opposite to a judgment, though erased from the record by order of the court (the court not passing upon the question of payment), is *evidence* against the plaintiff as an admission of payment on the hearing of a subsequent motion for leave to issue execution on such judgment.

(*Rogers* v. *McKenzie,* 81 N. C., 164; *Ferebee* v. *Ins. Co.,* 68 N. C., 11; *Brown* v. *Brooks,* 7 Jones, 93; *Wade* v. *Carter,* 76 N. C., 171; *Wilson* v. *Derr,* 69 N. C., 137, cited and approved )

SPECIAL PROCEEDING in the nature of a creditor's bill commenced before the clerk, and heard on appeal at Spring Term, 1880, of WAYNE Superior Court, before *Avery, J.*

The opinion contains the facts. The plaintiff appealed from the judgment of the court below.

*Messrs. W. A. Allen & Son* and *Battle & Mordecai,* for plaintiff.

*Mr. W. T. Faircloth,* for defendant.

DILLARD, J. The testatrix of the plaintiff recovered a large judgment in the superior court of Wayne on the 25th day of January, 1869, against the testator of the defendant, and thereafter, to-wit, on the 14th day of August, 1869, Stephen W. Isler, the general agent and attorney at law for B. M. Isler in said action, entered upon the judgment docket a receipt to J. T. H. Murphy in full of the amount of said judgment, his fee and the costs of the plaintiff, signed S. W. Isler attorney for plaintiff.

J. T. H. Murphy died in 1873, and defendant D. A. Murphy qualified as the executor to his will, and at spring term, 1874, plaintiff moved in the cause on notice to defendant as executor and to the heirs at law of J. T. H. Murphy deceased, to amend the record by striking from the judgment docket the receipt of S. W. Isler and the entry of satisfaction opposite to the statement of the judgment on said docket and for leave to issue execution. The defendant appeared to the motion and resisted it on the ground, first, that the infant heirs of his testator were not made parties; and secondly, that the judgment had been discharged. On consideration of the affidavits, His Honor

ISLER *v.* MURPHY.

found as a fact that the judgment had not been paid and ordered the record to be amended by erasing the receipt of the attorney and the entry of satisfaction and further ordered execution to be issued.

Defendant appealed to this court from said order at spring term, 1874, and on the hearing of the errors alleged, the ruling of His Honor directing the amendment of the record was approved in this court, but the judgment was reversed and the cause remanded on the grounds of the refusal of a jury trial demanded by defendant as to the issue on the plea of payment or accord and satisfaction, and the further ground of no defence being made for the infant heirs of defendant's testator. See *Isler* v. *Murphy,* 71 N. C., 436.

After the decision in this court, an entry was made on the pending motion in the court below at January term, 1876, in these words; " Motion for execution withdrawn. Tax costs of motion against plaintiff. Entry of satisfaction ordered to be stricken out, by consent issues for jury withdrawn, neither party desiring to present any issue;" and from and after that term no further proceedings were taken in the cause in which the judgment was rendered.

The proceedings being thus ended, this special proceeding was begun on the 26th July, 1876, by the plaintiff, suing for himself and all others, the creditors of the testator of defendant, alleging the said judgment to be still due and unpaid and making the defendant D. A. Murphy the exector and the heirs of the defendant's testator parties defendant, and the defendant, by way of defence, alleged, as he had done in opposition to the motion for amendment of record and for execution, that the judgment had been paid. on which averment plaintiff in his reply made issue and also set up an estoppel to such defence the orders of amendment and for execution made on the motion in the original action at spring term, 1874, and at spring term, 1876. An issue being thus made in the probate court, the same was certified up to

the superior court for trial, and accordingly at spring term, 1880, a trial was had by a jury of this issue: " Has the judgment mentioned in the pleadings been paid and satisfied," to which they responded in the affirmative.

· On the trial of the issue the plaintiff read in evidence the original judgment recovered in 1869 as a case on his behalf, and the defendant in support of the issue on his part offered to put in evidence the receipt of S. W. Isler, the attorney, still appearing on the judgment docket, which was objected to by the plaintiff as being destroyed as evidence by the judgment on the motion in the cause at said spring terms of 1874 and 1876, and on the further ground that the orders of the court at said terms were an estoppel on defendant to show payment and satisfaction in that way. His Honor overruled the objections, and let in the evidence and therein is the error complained of.

· On the appeal to this court from the judgment on the motion in the original cause, as reported in 71 N. C., 436, it was held to be competent to the court below to make up its own record, and not to be error to order the erasure of the receipt or entry of satisfaction on the docket, if the same were not entered as parts of the court's proceedings or by its direction. Hence, after the record was ordered to be amended, it imported a judgment in plaintiff's favor, without the impediment of the *receipt and entry of satisfaction thereon* to the issue of an execution, and thus on the trial of the issue as to the alleged payment, the record was a good *prima facie* right to recover, but liable to be overcome by proof to come from defendant.

The record after the order of amendment, if formally made out, would not contain any mention of the receipt or entry of satisfaction, but still the receipt, admitted on the trial to be in the proper handwriting of S. W. Isler, who was then the attorney at law and now the executor, of B. M. Isler, appeared on the judgment not erased, and why was it

not admissible as evidence of the alleged payment and sat-
isfaction of the judgment?   S. W. Isler was the attorney of
record of his testatrix when the receipt was entered by him
on the judgment docket, and it is settled that such an attor-
ney is authorized to receive payment of a debt in his hands
for collection and to discharge the debtor.   *Rogers* v. *Mc-
Kenzie,* 81 N. C., 164, and the authorities therein cited.  The
receipt still extant on the docket, though not admissible nor
received by the judge as a record or any part thereof, was
an admission of payment by defendant's testator, and as
such proper to be laid before the jury, open to any legitimate
proof to be explained, or to be shown that the payment
therein acknowledged was in fact never made.   *Ferebee* v.
*Insurance Co.,* 68 N. C., 11; *Brown* v. *Brooks,* 7 Jones, 93;
*Wade* v. *Carter,* 76 N. C., 171; *Wilson* v. *Derr,* 69 N. C., 137.

It is urged, however, that the receipt of plaintiff's attor-
ney, though ordinarily receivable to establish a payment to
him, was not receivable in this case, because it was adjudged
as a fact that the judgment was still due and unpaid when
the receipt and entry of satisfaction were ordered to be
stricken from the judgment docket.   It appears to us this
objection is founded on a misinterpretation of the record as
it was made by the last order on the motion at spring term,
1876.   According to that entry, the judgment was left on
the record cleared of the entry of satisfaction but still dor-
mant, and the withdrawal of the issues left the alleged dis-
charge of the judgment undecided and without any agree-
ment as to its truth.   And thus the parties were placed *in
statue quo* with liability at any future attempt to enforce the
judgment to encounter the defense of payment or accord and
satisfaction as before.   A judgment can only conclude and
estop from subsequent litigation matters which were ad-
judged or admitted in the record of a previous proceeding.
And here the alleged payment of the judgment does not ap-
pear to have been passed upon by the court nor admitted

to be untrue by defendant, and therefore there was no estoppel to set up and insist on the defence of payment in this proceeding as heretofore.

It is our opinion, therefore, that the receipt as still existing on the record was admissible as evidence on the issue submitted to the jury and the orders made on the motion in the original cause at spring term 1874 and 1876 were no estoppel to its introduction as such.

There is no error, and judgment of the court below is affirmed. .   ·

No error.                                        Affirmed.