NATHAN ADAMS v. WILLIAM UTLEY.

Evidence—Admissions.

The admissions of a party are always evidence against him, and the fact that they are contained in the pleadings filed in the cause, does not affect its competency.

(Isler v. Murphy, 83 N. C., 215, cited and approved.)

CIVIL ACTION to recover balance due upon a bond, tried at Spring Term, 1882, of WAKE Superior Court, before Bennett, J.

Appeal by plaintiff.

ADAMS *v.* UTLEY.

*Mesrs. Fowle & Snow,* for plaintiff.
*Messrs. Lewis & Son,* for defendant.

RUFFIN, J. Of the several exceptions taken, it is neces·
sary that we should notice but one, the others involving no
legal principles, and being such as are not likely to occur
upon another trial of the cause.

The plaintiff commenced his action on the 20th day of
June, 1878, seeking to recover a balance alleged to be due
on a bond, originally for $391.00, executed the 23rd day of
October, 1867.

In his complaint, after setting forth in the first article the
execution of the instrument by the defendant, he alleges in
the second article, "that no part of the debt had been paid
except $91.00 on the 2nd of November, 1867; $9.60 on the
24th of August, 1870; and $5.00 on the 5th of June, 1876."

In an answer filed at February term, 1879, the defendant
admits the execution of the bond, though he says, it was
not given to plaintiff, but to plaintiff's wife ; and in the 2nd
article he avers " that item two of the complaint is not true,
for that it does not state all the payments made on the bond;
that about 1867, he paid $100 thereon, and soon thereafter
$70.30, and afterwards and that at various times in small
amounts he has paid on said bond about seventy-five dollars."

Afterwards the parties were allowed by the court to
amend their pleadings, and in answer to a new complaint,
substantially the same with the former, the defendant de-
nies the allegations thereof *seriatim*, and as a further defence
alleges·that the bond sued on was executed more than ten
years before the commencement of the action, and he there-
fore pleads payment thereof, and the statute of presump-
tions.

On the trial the plaintiff offered evidence for the purpose
of showing that the credit dated the 24th of August, 1870,
was in fact made at that time, and upon an intimation of

the court that it was insufficient to rebut the plea of pay-ment, the plaintiff's counsel then offered the original answer as containing the admission of defendant with reference to the credits upon the bond set out in the complaint—that answer having been read with the amended answer, as a part of the pleadings at the outset of the trial. "But the court, (we here quote *verbatim* from the case) being of opin-ion that the denials in the amended answer covered all al-legations of payment made in the complaint, ruled against the plaintiff, to which ruling the plaintiff excepted."

We find it difficult to apprehend the exact purport of His Honor's ruling as thus given in the statement of the case. To know whether he rejected absolutely, as being incompe-tent, the evidence of the defendant's admissions contained in the original answer, or whether admitting it to be com-petent, he adjudged it to be, in law, insufficient to rebut the presumption of payment arising from the lapse of time. But taking it to be either way, we hold it to be erroneous.

The fact that the evidence of the admissions was contained in an answer constituting a part of the pleadings in the cause, cannot, as we conceive, detract from its competency. A man's own admissions touching the subject of a contro-versy to which he is a party, are always admissible against him, and much more ought they to be so, when solemnly made in a proceeding in a court of justice. 2 Danl. Ch. Prac., 977, and *Hunter* v. *Jones*, 6 Randolph, 541.

Neither, as we take it, can its competency be destroyed by the fact, that an amended answer was subsequently filed un-der the leave of the court. As a declaration of the defend-ant, it can lose none of its vigor because of that circum-stance. It is still none the less his declaration, made at a time when he was called upon to disclose the truth, and as such, may be evidence against him, while neither the origi-nal nor amended answer could be evidence for him. Such a declaration has, more than ordinarily, the sanction of the

presumption that a man will not untruly speak to his own hurt.

We know of no authority directly in point. But the analogy afforded by *Isler* v. *Murphy*, 83 N. C., 215, tends strongly to support our view. There, the plaintiff recovered judgment in the superior court, and afterwards her attorney entered upon the judgment docket a receipt-in full of the judgment. Subsequently the plaintiff moved in the cause upon notice to defendant to amend the record by striking the receipt from the docket, and the court ordered the same to be done. In another proceeding, and upon an issue as to whether the judgment had been satisfied, the defendant was allowed, notwithstanding the order of amendment, to put in evidence the original receipt, it not having been effaced, and this court approved of the ruling. " The receipt," says DILLARD, J., speaking for the court, " though not admissible, nor received by the judge, *as the record,* or any part thereof, *is still the admission of payment by the party,* and as such proper to be laid before the jury.

In the present case the amendment was made by a new answer, and not by withdrawing or defacing the original ; so that the defendant's admissions remain uncancelled. Indeed, in no other way than this, should the courts ever allow amendments to be made in the pleadings of a cause, since in this alone can a correct history of the case at every stage of its progress be preserved, and the records of the court, itself, kept free of mutilations, or defacement. 1 Danl. Ch. Proc., 470.

As to the competency of the testimony offered, so far as it depends upon its sufficiency to go to the jury, we do not see how it can be questioned. As we construe it, the answer as originally drawn contains an implied, but still unequivocal, confession, on the part of the defendant, to the truth of the credits specified in the complaint, and the only imputation upon its verity consists in the assertion that it

failed to set forth other credits for payment alleged to have been made.

This confession, though not conclusive as to the true dates of the endorsed credits, certainly constituted evidence bearing directly upon that issue, and it would be strange indeed, if it could be bereft of its cogency, by an amended answer, which could under no circumstances be evidence for the defendant.

The genuineness of the credits and their dates as endorsed, was a question of fact for the jury. But when once established, then the effect upon the legal presumption of payment would become a matter of law for the court.

Seeing that the jury have been deprived of testimony competent and proper for their consideration in passing upon the question of fact, there must be a *venire de novo.*

Error. ·                                    *Venire de novo.*