*E. P. COVINGTON v. ANN. C. LEAK, Executrix.

*Contract—Partnership.*

A contract entered into whereby C agrees to devote his individual attention to
the business of L's store, at a certain stipulated price per annum, is not a
partnership transaction, but one between separate and distinct persons. It
was the duty of the court in such case to interpret the instrument and not
submit the question to the jury.

(*Adams* v. *Utley*, 87 N. C., 356, cited and approved).

CIVIL ACTION for the settlement of a partnership, tried at
Spring Term, 1882, of RICHMOND Superior Court, before
*Shipp, J.*

Plaintiff appealed.

*Messrs. John D. Shaw, Frank McNeill* and *Hinsdale & Dev-
ereux,* for plaintiff.

*Messrs. Burwell, Walker & Tillett,* for defendant.

SMITH, C. J.    The complaint states that a mercantile copart-
nership was formed in September, 1865, between John W. Leak
and the plaintiff, and carried on for a year or more in the indi-
vidual name of the plaintiff, and then a new partnership arrange-
ment entered into to be conducted in the name of the said John
W. Leak, which was prosecuted until the 1st day of March,
1868; that among the terms upon which the latter was consti-
tuted, it was agreed that each should equally contribute to the
capital, and share in the profits; and that the plaintiff should
give his entire personal service to the management of the busi-
ness and receive as compensation therefor eight hundred dollars
per annum.

*Mr. Justice ASHE having been of counsel, did not sit on the hearing of
this case.

The action, commenced on April 9th, 1874, against the said John W. Leak, and upon his death, in May, 1876, continued against the present defendant, Ann. C. Leak, his executrix, made a party in his stead, is for a settlement of the partnership matters and the payment to the plaintiff of what may be due him, and especially for the recovery for his services at the rate agreed on.

The defendant, John W. Leak, in his answer admits the formation of the first copartnership and the conducting of the joint business in the defendant's name, and for their common benefit, but denies that any such relations existed between them during the interval between September 10th, 1876, and March 1st, 1868, while it was carried on in his name, or that the plaintiff was to participate in the profits made; but that he was to be paid for his supervision and attention at the rate mentioned of eight hundred dollars per annum. He further alleges that a full settlement has been made, and the plaintiff has agreed to accept one-half of the net proceeds of the entire business in satisfaction of his claims, a large part whereof has been paid him, besides which he is entitled to one-half of one hundred dollars since collected, and a like portion of what may be made out of the uncollected effects in his hands. He further relies on the statutory bar as a defence.

In this stage of the proceeding a reference was made at spring term, 1875, and an account stated and reported by the referees at fall term, 1877, and a balance found due on November 5th, 1877, of $777.09.

The referees reach this result by finding that there has been a settlement of all matters connected with the business, except the compensation for the plaintiff's services, upon the basis of an equal division of the profits made in conducting the business in both names; that this compensation was to be paid by the firm and is not within the operation of the statute, and consequently one-half is to be charged against the deceased co-partner, and by giving the latter credit for one-half of an error discovered in the settlement, and half of the admitted collections.

The instrument upon which the claim for personal remuneration depends, and construed by the referees as "a partnership transaction," is as follows:   "Memorandum of contract between John W. Leak and E. P. Covington, entered into 10th September, 1866:"

"The said E. P. Covington agrees to devote his individual attention to the business of J. W. Leak's store in the town of Rockingham for one year from this date, and the said Leak on his part agrees to pay the said Covington, for the faithful performance of his duties, the sum of eight hundred dollars per annum. The said Leak further agrees to allow the said Covington to take up such goods as his family may require, at cost.   In witness whereof we have hereunto affixed our hands and seals.

September 10th, 1866.                    E. P. COVINGTON,
                                          JOHN W. LEAK."

Exceptions were filed by both parties, that of the plaintiff being confined to the credit allowed the testator of $197, being one-half of the amount of the error detected in the computations made upon the settlement reported.

The defendant then tendered a series of issues to be submitted to the jury, involving the finding of the referees, of which the first only was accepted by the court in these words:   Was the contract of eight hundred dollars for services, &c., which is mentioned in the pleadings and proof, a partnership transaction? The response of the jury was in the negative.

On the trial the written contract was exhibited in evidence and the deposition of the plaintiff read.   There was no testimony offered by the defendant.   The court charged the jury "that the paper-writing offered in evidence purported on its face to be an individual contract between the parties and not a partnership contract, but that in deciding the matter in controversy they must take into consideration the complaint, answer, deposition of Covington, the written contract, &c., and if considering all the evidence, they decide there was a partnership existing between the parties, they must then say whether this sum of

eight hundred dollars was a partnership transaction, or an individual transaction."

It is only necessary to notice two of the overruled exceptions of the plaintiff, of which one is to the instruction recited, and the other to submitting to the jury an inquiry as to a fact admitted in the pleadings.

The plaintiff has no just cause of complaint, inasmuch as the verdict concurs with the construction put upon the contract by the plaintiff himself in his complaint, as imposing an obligation upon the testator personally to be met and discharged, and not upon the partnership carried on in his name.   In our opinion it was the duty of the judge to interpret and declare the import and character of the stipulation upon the face of the instrument, as imposing an individual liability upon the testator.

1. The entire structure of the instrument and the manifest but unperformed intent to make a covenant obligation, indicate a transaction by and between two separate and distinct persons, and not between one of them and a firm of which he was a member.

2. The first personal pronoun is used by each—the plaintiff agreeing to devote *his individual* attention to the business "and the testator agreeing on his part" to pay for the services to be rendered—language not appropriate to a contract made by two in an alleged copartnership conducted in the name of one.

3. The services are to be rendered "in the business of J. W. Leak's store," any reference to a firm being carefully avoided.

But the error is corrected by the finding, and the force of the objection removed.

The second exception rests upon a misconception of facts. There is no such concurrence in the pleadings as to the nature and effect of the contract for the payment of the plaintiff.   He complains (Article 1) that the testator "was to pay," in addition to the half profits to be received, "the sum of eight hundred dollars per annum," while the testator declares in his answer (Article 8) that the plaintiff was to "receive eight hundred dol-

lars as set forth in the agreement," whereof a copy is annexed. The parties agree as to the existence and terms of the contract, but not on the point left to the jury whether it was to be paid out of the earnings of the business carried on as a firm, or out of the testator's own moneys.

But whether there are differences in the statement of the parties or not, the jury declare the contract to be personal to the testator, the court adjudicates upon this construction, and it is in accord with the plaintiff's own averments.

The plaintiff here objects that the jury were allowed to consider the complaint and answer in passing upon the inquiry left to them, but no specific exception to this portion of the charge is contained in the record, and it can scarcely be entertained in the form of a general and indefinite exception to the charge according to the established rules of practice.

But waiving the point, we do not see the force of the objection. The pleadings as such are not evidence, but the altercations of parties out of which are deduced issues as to material controverted facts to be submitted to and passed on by the jury. But they may become evidence, as admissions of a fact material to the issue when offered by the opposing party, and if they were not, the verdict of the jury obviates all objection to the charge based upon their reception. *Adams* v. *Utley*, 87 N. C., 356.

The claim for a salary as a distinct and actionable demand being excluded under the defence of the statute of limitations, the account upon a re-reference was corrected and judgment properly rendered for the defendant.

It must be declared there is no error in the rulings from which the plaintiff appeals. The final disposition of the cause will be made upon the defendant's appeal.

No error. Affirmed.

### DEFENDANT'S APPEAL.

SMITH, C. J. The defendant's exceptions to the report of the referees, numbered respectively, 6, 7 and 14, overruled by the

court, are alone presented for our consideration in her appeal, and they are as follows: .

6. For that the referees find that the plaintiff's liability for his deficiency in contributing his share towards the capital stock is embraced in the settlement made between the parties of May 13, 1865.

7. For that they have made no allowance for this deficiency.

14. For that no commissions are given the defendant for collecting the effects.

These points are all covered by the finding of the referees that the settlement embraced all matters affecting the parties, growing out of the conduct of the business in the names of the plaintiff and of the testator successively, whether the latter was for the common benefit of both, or for the sole benefit of the testator, except the charge for services, and we think this is fully warranted by the terms of that settlement. There is no error in the ruling in this respect, and the judgment upon the referred account must be affirmed.

No error.                                             Affirmed.