E. PASOUR, Guardian, v. C. J. LINEBERGER.

*Practice—Attachment—Res Adjudicata—Trial.*

1. Where an appeal is taken from a refusal to discharge an attachment, the court below cannot in the meantime allow a motion "to dismiss" the same to be entered, for the appeal takes the case out of its jurisdiction. The motion to dismiss is in effect a motion to discharge; and upon the dismissal by this court of the motion to discharge, the judgment appealed from remained undisturbed and conclusive, and the matter embraced therein is *res adjudicata.*

2. In attachment and other ancillary proceedings it is competent for the court to find the facts from the affidavits and other proper evidence; and a party consenting to this mode of trial cannot afterwards demand a jury trial. Const., Art. iv, §13.

(*Roulhac* v. *Brown*, 87 N. C., 1; *Halcombe* v. *Com'rs*, 89 N. C., 346; *McRae* v. *Com'rs*, 74 N. C., 415; *Bledsoe* v. *Nixon*, 69 N. C., 81; *Bank* v. *Twitty*, 2 Dev., 386; *Burke* v. *Turner*, 85 N. C., 500; *Sanderson* v. *Daily*, 83 N. C., 67; *Mabry* v. *Henry*, *Ib.*, 298; *Wilson* v. *Lineberger*, 82 N. C., 412; *Isler* v. *Murphy*, 71 N. C., 436; *Baker* v. *Cordon*, 85 N. C., 116; *Leggett* v. *Leggett*, 88 N. C., 108; *Wessell* v. *Rathjohn*, 89 N. C., 377; *Armfield* v. *Brown*, 70 N. C., 27; *Keener* v. *Finger*, *Ib.*, 35; *Moye* v. *Cogdell*, 66 N. C., 403; *Heilig* v. *Stokes*, 63 N. C., 612; *Foushee* v. *Pattershall*, 67 N, C., 453, cited and approved).

MOTION by defendant to vacate an order of attachment heard at Fall Term, 1883, of GASTON Superior Court, before *Gilmer, J.* Judgment for plaintiff; appeal by defendant.

*Messrs. R. W. Sandifer* and *Reade, Busbee & Busbee*, for plaintiff.

*Messrs. G. F. Bason* and *Jones & Jonnston*, for defendant.

MERRIMON, J. This action was brought on the 26th day of July, 1882. On the same day the plaintiff applied for and obtained a warrant of attachment, which was levied upon the lands of the defendant. On the 31st day of August, 1882, the defendant moved, for causes assigned, to discharge this attachment. Upon the hearing of this motion the court declined to grant it, and thereupon the defendant appealed to this court. Pending the appeal the defendant, by leave of the court, entered a motion to "dismiss" the attachment, and assigned causes in that respect.

The appeal to this court was dismissed at February term, 1883, because the undertaking upon appeal was not properly perfected.

At fall term, 1883, of the superior court, the motion to "dismiss" the attachment was heard and denied, and thereupon the defendant appealed to this court. Upon the hearing of the motion to "dismiss" the attachment, the court, in passing upon the facts, found that the facts and causes assigned had been heard and acted upon by the court upon the hearing of the motion to discharge the attachment.

It is very clear that the appellant's exceptions ·cannot be sustained:

1. The motion to "dismiss" the attachment was in effect a motion to discharge it, for the causes assigned, and the defendant could not avoid the effect of the first motion by simply changing the name of the motion. The law determines the quality and effect of the motion, by whatever name it may be called. The causes assigned were such as, if sustained, tended to support a motion to discharge the attachment.

2. When the appeal from the order of the court denying the motion to discharge the attachment was dismissed by this court, the judgment in the superior court remained undisturbed and in full force and effect, and was conclusive upon the defendant, just as though no appeal had been taken; at all events, until it should, for sufficient cause, be set aside or modified by the court making it. The whole matter embraced by the judgment appealed from was *res adjudicata*. *Roulhac* v. *Brown*, 87 N. C., 1; *Halcombe* v. *Commissioners*, 89 N. C., 346.

3. Pending the appeal to this court, it was not competent or proper in the court below to entertain any motion or make any order in respect to the matter embraced by the judgment appealed from, because that court had no jurisdiction of that matter while it was in this court. The appeal brought the motion to discharge the attachment, and everything incident to it, into this court, and here it remained, not to be affected by anything the superior court could do, until the appeal should be disposed of in some proper way. *McRae* v. *Commissioners*, 74 N. C., 415; *Bledsoe* v. *Nixon*, 69 N. C., 81; *Bank* v. *Twitty*, 2 Dev., 386.

4. It appears from the findings of fact by the court, that the several facts and grounds upon which the second motion to discharge the attachment was based, were before and considered by the court upon the first motion to discharge it. If it were competent or proper to hear a second motion to discharge the attachment at all, it certainly was not allowable to base such a motion upon grounds that had already been passed upon. When a

matter is once litigated and settled by the court in the legal course of procedure, that must be conclusive of it. Any other course would contravene a well settled principle of law, and would be trifling with the administration of justice. There must be an end of controversy, and as well in respect to ancillary proceedings, such as warrants of attachment, warrants of arrest, and the like, as in the disposition of the whole action. *Burke* v. *Turner*, 85 N. C., 500; *Roulhac* v. *Brown, supra;* *Sanderson* v. *Daily*, 83 N. C., 67; *Mabry* v. *Henry*, Ib., 298; *Wilson* v. *Lineberger*, 82 N. C., 412.

5. After the appellant had made his second motion to discharge the attachment and the same had been heard by the court, the facts of the matter having been found by the court with the consent of the defendant, the latter demanded that a jury be empaneled to try the question of fact raised.

If the appellant were entitled to have an issue of fact growing out of the motion to discharge the attachment tried by a jury in any case, his demand certainly came too late in this case. He had made his motion before the court, submitted the affidavits and other evidence, and consented that the judge might find the facts according to the ordinary method of procedure in that respect. By this he was concluded. After a party has accepted one method of trial, and by it has tried his case and failed, he cannot insist upon another. *Isler* v. *Murphy*, 71 N. C., 436; *Baker* v. *Cordon*, 86 N. C., 116; *Leggett* v. *Leggett*, 88 N. C., 108; *Wessell* v. *Rathjohn*, 89 N. C., 377; *Armfield* v. *Brown*, 70 N. C., 27; *Keener* v. *Finger*, Ib., 35.

The several provisions of THE CODE, in respect to granting warrants of attachment, and like applications for ancillary remedies, and motions to dismiss or vacate the same, allow that the same be granted, discharged or vacated, upon affidavits and other proper evidence, and that the facts be found by the court. It is not contemplated that questions of fact arising in such matters shall be tried by a jury. In such proceedings, however, the court may, for its better information and satisfaction, frame

and submit proper issues to a jury, and perhaps there are cases in which it ought to do so; but in ordinary cases it is not bound to do so, if indeed, it is in any. *Moye* v. *Codgell,* 66 N. C., 403 ; *Isler* v. *Murphy, supra* ; *Baker* v. *Cordon, supra.*

It is a mistaken view of the constitution (Art. IV, §13) to insist that by virtue of it a party to an action has a right to have every question of fact arising in it submitted to a jury. Such a view of it is not only utterly impracticable, but the legislation and practice in the courts of this and other states having a like constitutional provision, practically contravene and deny such a construction. Neither the language nor the spirit of the constitution requires so absurd a thing. The clause cited has reference to *"issues of fact"* raised by a proper pleading, or in some proceeding where a substantial right comes directly and finally in question. This case does not require that we point out with precision the cases, or class of cases, in which a party has a right to have issues of fact submitted to a jury, and it is not proper that we shall here do so. *Heilig* v. *Stokes,* 63 N. C., 612 ; *Foushee* v. *Pattershall,* 67 N. C., 453.

There is no error, and the judgment must be affirmed. Let this be certified.

No error.                                        Affirmed.