## STATE *v.* GEORGE EVANS.

Where, upon a mistrial, the defendant moves for his discharge, which motion is refused, and he is required to give bail for his appearance at the next term, the Judge presiding at such next term, has no right to entertain the motion and° discharge the defendant. It is *res adjudicata.*

CRIMINAL ACTION, tried before *Moore, J.,* at December (Special) Term, 1875, of the Superior Court of HALIFAX county.

The defendant was indicted for larceny and pleaded not guilty. A jury was empannelled and after hearing the evidence, argument of counsel and the charge of his Honor, Judge WATTS, announced in open court that they could not agree upon a verdict. The counsel for the State and for the prisoner were both present. The prisoner was absent, being then in jail.

His Honor, without having consulted the counsel for the prisoner, ordered a juror to be withdrawn and a mistrial entered. Prisoner's counsel said nothing either for or against the order.

After the order was made and the jury discharged, his counsel moved the court, upon affidavit, to discharge the prisoner upon the ground :

1. That having once been put in jeopardy, he could not again be tried for the same offence.

2. That the defendant was not in court when the order was made.

The motion was overruled and the defendant appealed.

At December (Special) Term, MOORE, J., presiding, his counsel again moved the court to discharge the prisoner upon the same ground. The motion war allowed and the State appealed.

STATE *v.* EVANS.

*Attorney General Hargrove*, for the State.

*Burton & Burton* and *Busbee & Busbee*, for the prisoner.

PEARSON, C. J. On a trial for larceny, the jury, after deliberation for some eighteen hours, announces to the court that they cannot agree, whereupon his Honor, Judge WATTS, in the absence of the prisoner, who was confined in the jail of the county, but in the presence of his counsel, who neither assented to nor objected to his action, directed a juror to be withdrawn, and the jury was discharged. The prisoner's counsel then moved for his discharge on the ground that he could not be again put on trial. This motion was overruled by Judge WATTS. At the next term, the same motion on the same ground was made and was allowed by his Honor, Judge MOORE. So we have the conflicting rulings of two of the Judges of the Superior Courts in the very same case—in fact, one Judge reverses the decision of the other Judge. How is this unseemly conflict of decision to be prevented? It can only be done by enforcing the rule, *res adjudicata.*

Without entering into the question, was the decision of Judge WATTS right or wrong, it is sufficient to say he had jurisdiction and decided the motion against the defendant. That decision until reversed on appeal, or by writ of *certiorari* to this court, must stand as a thing settled.

It follows Judge MOORE erred in entertaining the motion. His ruling, by which the defendant was discharged, being a final determination of the case, the Solicitor had a right to appeal.

This will be certified, to the end that the defendant may be again put on trial.

PER CURIAM.                    Judgment accordingly.