MARK P. JONES and NANNIE JONES v. J. WILLIAMS THORNE
and others.

*Practice— Vexatious  Litigation—Right  of  Appeal.*

1. A party ought not to be harassed by successive motions for an order,
   made in the progress of a cause, when the motion, after full investiga-
   tion has once been refused, unless upon facts thereafter transpiring,
   which make an essentially new and different case.

2. The granting or refusing an order·for an injunction or for the ap-
   pointment of a receiver, is not a mere matter of discretion in the judge,
   and either party dissatisfied with his ruling may have it reviewed.

(*Bank* v. *Jenkins*, 64 N. C., 719, cited and approved.)

MOTION by plaintiffs for the appointment of a Receiver,
heard at Chambers in Tarboro, on the 25th day of October,
1878, before *Seymour J.*

The action in which this motion was made was brought
to recover a tract of land in Warren county.   The plaintiffs
alleged that on the 10th of August, 1869, the defendant,
Thorne, bought the land of one Albert Johnson, and to secure
a balance of the purchase money executed notes and a deed
in trust to Johnson, who thereafter assigned the same to J.
M. Heck ; that Thorne made default and Heck, after adver-
tisement, sold the land in pursuance of a power contained in
the deed, when the feme plaintiff. became the purchaser at
$11,000, which she paid to Heck, who thereupon made her
a deed; that Thorne agreed to pay $20,900 for the land, and

the cash payment reduced the debt secured by the deed to $15,900.

The defendant alleged, among other things, that Johnson assigned several of said notes to Heck, and retained the balance, upon which he had made various payments, and that if all just credits were allowed he believes the amount now due would not exceed $4,000, and asks for a settlement of accounts between the parties in order to an ascertainment of the balance due.

His Honor granted the motion upon the affidavits which are substantially set out in the opinion of this court, and the defendants appealed.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiffs.
*Messrs. Reade, Busbee & Busbee* and *Batchelor,* for defendants.

SMITH, C. J. This action was commenced on the 9th of May, 1878, and the complaint, with its accompanying exhibits, the mortgage deed, the assignment to Heck, and the latter's deed to the feme plaintiff, was verified on the 9th of June following; and on the 19th of this month, after notice, application was made before *Cox, J.,* at chambers, for an injunction and the appointment of a receiver to take charge of the land in dispute; and in support of the application, in addition to the complaint, the plaintiff, Mark P. Jones, filed an affidavit in which he alleges :—

1. That the defendants are insolvent, and if the rents and profits are received by them they will be lost to the plaintiffs.

2. That there was a crop of wheat growing on the land, almost fit to be harvested, and fruit trees with fruit nearly ripe for gathering.

3. That a steam saw mill was in operation on the prem-

ises, near to an uninsured cotton gin and granary, exposing them to peril.

4. That defendants, or some of them, were cutting down the trees on the land and sawing them into lumber for sale.

5. That defendants had no title.

To this the principal defendant, Thorne, put in a counter affidavit denying some of the charges and explaining others.

On the hearing, the court declared " that the legal title not being in the plaintiffs, or at all events, it is a controversy concerning land, the motion is refused." And upon appeal the judgment was affirmed, READE J., delivering the opinion, as follows : " Without intending to intimate an opinion upon the final rights of the parties, *we fully concur with His Honor, that the complaint and answer present no case for an injunction or a receiver.*"

Notice was again given by the plaintiffs of a similar application to be made to the judge of the district on the 25th of October, at Tarboro.　On this second hearing many additional affidavits were read to show the insolvency of the defendants and the waste committed in felling trees for the saw mill, and counter-affidavits in explanation and denial. The motion rests substantially upon the same grounds and is supported by the same facts, though upon further and fuller evidence, as the motion made and refused.　The judge granted the motion and appointed a receiver to collect the rents and profits, and in order thereto, as we understand, to take possession of the land itself.　From this interlocutory order the defendants appeal.

The facts are essentially the same now as those presented on the former appeal, when this court held that a receiver ought not to be appointed, and the same considerations that brought us to that conclusion then, must govern and control our decision of the same question now.　That is more than a precedent and authority ; it is a determination of the very point presented again.　Precisely the same motion

has been made and denied upon the ground of a want of title in the plaintiffs, or of an existing controversy in reference thereto, and this court has affirmed the ruling and declared its full concurrence therein; and no reason is assigned for reversing that judgment, and no error in rendering it has been pointed out. The matter has thus passed into and become *res adjudicata*. A party ought not to be harassed by successive motions for an order made in the progress of a cause, when the object of the motion, after full investigation, has been refused, unless upon facts thereafter transpiring which make essentially a new and different case. *Nemo pro una et eadem causa, bis vexare debct.*

The doctrine is thus stated by Mr. High: "It is proper on denying a motion for a receiver to give leave to the moving party to renew his motion upon additional proof, if it appear that he may by obtaining new proof present a strong case for the relief sought. And it is competent for the plaintiff to ask and for the court to appoint a receiver after a hearing, and even a rehearing, and refusal, when an altered state of facts is presented, showing an appropriate case for relief." High on Receivers, § 91. The granting or refusing an order for an injunction or for the appointment of a receiver is not a mere matter of discretion in the judge, and either party dissatisfied with his ruling may have it reviewed. The court in this case has assumed and exercised jurisdiction to pass upon the refusal to appoint a receiver; and the *Bank* v. *Jenkins*, 64 N. C., 719, is an authority in case an injunction is refused.

We are therefore of opinion that the order appointing a receiver is erroneous, not only because it is repugnant to a previous adjudication, but for the further reason that the grounds of that adjudication remain unchanged and in undimished force. We express no opinion upon the question of title or the legal sufficiency of the assignment of Johnson to authorize the sale and conveyance under which the plain-

tiffs claim. These are not properly before us in the appeal upon this collateral matter, and will be decided only when directly presented. There is error, and the interlocutory order must be reversed.

Error. Reversed.