J. H. WILSON, Jr., and wife v. C. J. LINEBERGER.

*Motion to Dismiss—Appeal.*

1. Where the defendant demurs to the complaint, for that, it does not
   state a cause of action, and the demurrer is overruled, the same point
   cannot be again presented by a motion to dismiss.

2. No appeal lies from a refusal to dismiss.

(*State* v. *Evans*, 74 N. C., 324; *Jones* v. *Thorne*, 80 N. C., 72; *Garrett* v.
*Trotter*, 65 N. C., 430; *Mastin* v. *Marlow*, *Id.*, 695; *Long* v. *Bank*, 81
N. C., 41, cited and approved.)

MOTION by defendant to dismiss the action heard at Fall
Term, 1879, of GASTON Superior Court, before *Buxton, J.*

At the first term of the court after the coming in of a re-
port of a referee of the statement of an account, the de-
fendant's counsel moved to dismiss the action " for want of
equity," and was proceeding to state the grounds of the mo-
tion, when the court expressed the opinion that as a de-
murrer to the complaint had once been filed and overruled,
and no appeal taken, this motion was not in apt time.
Motion refused, and defendant appealed.

*Messrs. Wilson & Son,* for plaintiffs.
*Messrs. Jones & Johnston,* for defendant.

SMITH, C. J. The plaintiffs bring their action against
the defendant for an account and settlement of his adminis-
tration of the estate of Laben Lineberger, a lunatic, of whom
he was guardian in the intestate's life time, and one of his
administrators in association with the feme plaintiff, pos-
sessed of the trust fund after his death; also for the adjust-
ment of a co-partnership of which himself and the intestate
were members, and to carry into effect an agreement in re-
lation thereto, entered into between the parties. The defend-

ant demurred to the complaint on the ground of its multi-fariousness, which at spring term, 1876, of Gaston superior court was overruled, and an appeal taken but not prosecuted. At fall term following an answer was put in, not denying the fiduciary relations charged, and his contract, but assigning as a reason for not fulfilling it that the plaintiffs were to give him an indemnifying bond against the claims of the creditors of the intestate, then supposed to be of small amount, and now ascertained to equal the penalty of the proposed bond, for which he would be liable, and the feme plaintiff, his co-administratrix, had mortgaged her lands for their full value. A single issue was framed and submitted to the jury at spring term, 1877' and in response they find the feme plaintiff has not mortgaged her estate for more than it is worth. Thereupon an order of reference was made to a commissioner to state the various accounts required in ascertaining the defendant's liability, and to take the necessary testimony in relation thereto. After the lapse of four terms the report was made to fall term, 1879, and ninety days allowed each party to file exceptions. The defendant then moved to dismiss the proceedings for want of equity, and the motion was denied on the ground that the subject matter upon which it rested had been decided in overruling the demurrer, and was *res adjudicata*. From this ruling the case is brought up on the appeal.

We think the motion was properly refused and for the reason given. If the facts stated in the complaint do not constitute a cause of action, the demurrer ought to have been sustained. The overruling judgment is a decision that the complaint is not liable to any of the objections specified. The motion to dismiss for alleged inherent defects or "want of equity" can only raise and present such points as were or could have been assigned as cause of demurrer, and the effect is in either case equally conclusive.

In *State* v. *Evans*, 74 N. C., 324, the prisoner was put on

trial for larceny, and the jury not being able to agree were discharged. The prisoner's counsel thereupon moved for his discharge on the ground that he could not again be tried. The motion was refused, and at the next term similar motion was made and allowed. On the appeal, PEARSON, C. J., says: "So we have the conflicting rulings of two of the judges of the superior court in the very same case; in fact one judge reverses the decision of the other judge. How is this unseemly conflict of decision to be prevented? It can only be done by enforcing the rule, *res adjudicata*."

So upon a second application during the progress of a civil action for an injunction and the appointment of a receiver, this court remarked : " The matter has passed into and become *res adjudicata*. A party ought not to be harrassed by successive motions for an order made in the progress of a cause when the object of the motion after full investigation has been refused, unless upon facts thereafter transpiring which make a new and essentially different case." *Jones* v. *Thorne*, 80 N. C., 72.

But aside from this, as has been repeatedly decided, a refusal to dismiss an action or proceeding before the final hearing, does not " affect a substantial right " as meant in section 299 of the code, and an appeal therefrom does not lie. *Garrett* v. *Trotter*, 65 N. C., 430 ; *Mastin Marlow, Id.*, 695 ; *Long* v. *Bank*, 81 N. C., 41, and the case of *Gay* v. *Brookshire, ante* 409.

There is no error. This will be certified that the cause may proceed in the court below.

No error.  Affirmed.