JOSEPH A. MABRY v. R. M. HENRY and others.

*Practice—Res Adjudica.*

1. The law does not tolerate successive actions or proceedings merely upon newly assigned reasons, when one and the same object is aimed at in all, but the decision first rendered will govern as *res adjudicata.*

2. Upon this principle, where a motion has been refused to set aside a judgment on the allegation that it was obtained against the course of the court, and that the defendant had a good and valid defence to the action in law, equity and morals, a subsequent motion will not be entertained to set such judgment aside distinctively put upon the ground of a fraudulent advantage taken in entering up the same and upon evidence more full and minute, but in substance the same as that produced upon the first hearing.

(*Jarman* v. *Saunders,* 64 N. C., 367; *Thompson* v. *Badham,* 70 N. C., 141; *Smith* v. *Hahn,* 80 N. C, 241; *Molyneux* v. *Huey,* 81 N. C, 106; *State* v. *Evans,* 74 N. C., 324, cited and approved.)

Motion to set aside a judgment, heard at Fall Term, 1879, of BUNCOMBE Superior Court, before *Graves, J.*

Both parties appeal from the ruling of the court below.

*Mr. James H. Merrimon,* for plaintiff.

*Messrs. W. H. Malone* and *Battle & Mordecai,* for defendants.

SMITH, C. J. The plaintiff after due service of process and for want of an answer recovered judgment against the defendants at fall term, 1874, of Buncombe superior court for $5,416.50, whereof $3,000 is principal money. On December 26th, 1876, notice of a motion to vacate the judg-

ment was served upon the plaintiff's attorney, upon the following grounds therein assigned :

1. On account of mistake, inadvertence, surprise or excusable neglect.

2. For that the judgment was obtained against the course of the court and is irregular and this defendant has a good and valid defence in law, in equity and in good morals to the said action. The motion was heard at fall term, 1877, upon the affidavits of the defendants, R. M. Henry and M. Erwin, of E. B. Davis former sheriff of Jackson county, J. E. Reed clerk of the said superior court, and a certified transcript of the judgment rendered in the former court of equity on which that now sought to be set aside is founded ; and the court decided that the motion was not made in time under C. C. P., § 133, but was irregular under section 217, and ordered it to be vacated. Upon appeal by both parties from this ruling, it was held that the vacating order was unauthorized upon either ground and was reversed as erroneous. The opinion is reported in 78 N. C., 45 and 46.

A similar motion, after due notice, has been made, distinctively put upon the ground of a fraudulent advantage taken of the defendants in entering up the judgment and upon evidence more full and minute, but in substance the same as that produced upon the former trial, the particulars of which it is not necessary to repeat except that it is directed to an impeachment of the judgment itself as unjust and inequitable.

At fall term, 1879, the motion was again heard before the presiding judge who refused to vacate and held that the judgment should stand as a security for whatever sum, to be ascertained upon a reference for an account, should be found to be due to the plaintiff, and directed, upon defendant's giving a bond of indemnity against damages, an injunction to issue restraining the plaintiff from proceeding to enforce the collection of his judgment.

From this ruling both parties again appeal; the defendants from the refusal to vacate; and the plaintiff from the restriction of the annexed trust and the restraining order to give it effect.

The question to be determined is whether the matter is *res adjudicata*, or is open to the present renewed application.

The first application proceeds upon two specially assigned grounds, but any others could have been added sufficient to support the motion to set aside the judgment. Indeed these two are less congruous than would be the first associated with that now assigned. They all look to one common result, relief from an inequitable judgment, and are indeed but accumulated reasons why it should be granted. The notice itself in general terms impeaches the judgment as indefensible in law, in equity and good morals, a basis sufficiently comprehensive to admit the attack now made upon its fairness and integrity. The evidence then as now offered is largely directed to an impeachment of the judgment on its merits as well as for the manner in which it was entered up. If this further ground could have been taken in that proceeding, and we see no reason why it could not, then whether in fact it was or was not, the result is equally decisive and fatal. The law does not tolerate successive actions or proceedings, merely upon newly assigned reasons, when one and the same object is aimed at in all and it can as well be attained in a single action or proceeding; unless perhaps when a party is prevented by the fraud of another, an exception which finds no support in the facts of this case. The cases cited for the defendant, *Jarman* v. *Saunders*, 64 N. C., 367; *Thompson* v. *Badham*, 70 N. C., 141; *Smith* v. *Hahn*, 80 N. C., 241, and *Molyneux* v. *Huey*, 81 N. C., 106, establish the proposition that the remedy is by a motion in the cause and not by a new and original action, and hence redress would have been as well afforded in the former as in the present application.

Suppose for the purpose of illustration, the judgment is now set aside and cancelled, and in effect this is the ruling by which matters antecedent to and concluded by the judgment are re opened for an inquiry as to the amount for which it should have been rendered, there will then be in this event two repugnant adjudications and each final between the same parties and upon the same point.

It is true the principle of *res adjudicata* does not extend to ordinary motions incidental to the progress of a cause, for what may one day be refused may the next be granted, but it does apply to decisions affecting a substantial right subject to review in an appellate court. The distinction is taken in the case of *Dwight* v. *St. John*, 25 N. Y. Rep., 203 decided in the court of appeals of New York, where, after a motion to have a judgment cancelled had been made and refused, a new action was instituted to have it declared a security only, upon an alleged agreement to that effect, for a debt due by promissory note. The court say : " Upon this point it is to be observed that some decisions, made before the existence of the code, especially that of *Simpson* v. *Hart*, in the Court of Errors, 14 Johns, 63, are chiefly based upon the ground that such summary proceedings as they passed upon were there heard without full proofs and were not reviewable. Whereas in the case before us the hearing was upon full proofs; and the code has entirely taken away the other ground by making the proceeding liable to review. By its section 349, the order referred to was appealable." " From this decision," says Mr. FREEMAN, " we may infer that in New York if not in other states the decision of a motion is as final and conclusive as the decision of a trial if the proceedings permit of a full hearing upon the merits and the order made is liable to review in some appellate court." ' Freeman on Judg'ts, § 325.

The motions now under consideration were not incidental to the attainment of ultimate relief and to facilitate the pro-

gress of the cause, but seek to reverse the final judgment by a direct and specific impeachment of its regularity and justice, and possess the general features and must be attended with the consequences of an original suit. And even when successive and contradictory rulings were made upon motions for a prisoner's discharge, PEARSON, C. J., whose words we have had occasion before to quote in *Wilson* v. *Limberger*, decided at this term, thus emphatically condemns the practice: "So we have the conflicting rulings of two of the judges of the superior court in the very same case; in fact one judge reverses the decision of the other judge. How is this unseemly conflict of decisions to be prevented? It can only be done by enforcing the rule *res adjudicata*." *State* v. *Evans*, 74 N. C., 324.

It is with some reluctance we have come to the conclusion that the defendants are without relief in view of the facts found by His Honor and which so strongly appeal to the court in their behalf, but it is our duty to enforce the rules of law with impartial firmness and they leave the defendants without legal redress.

It must therefore be declared that there is error in that part of the ruling of the court below from which the plaintiff appeals and the same is reversed. Judgment will be so entered in this court.

Error.                                                                 Reversed.

SMITH, C. J. For the reasons set forth in the opinion filed in the plaintiff's appeal in this case, it must be declared that there is no error in the refusal of the court to vacate and set aside the judgment, from which ruling the defendants appeal, and the judgment is in this respect affirmed.

No error.                                                              Affirmed.