*A. K. ROULHAC, Ex'r, v. WM. GARL BROWN.

*Order of Arrest—Res Adjudicata.*

Upon refusal of a motion to vacate an order of arrest, the party at the next term makes a similar motion and upon the same grounds; *Held*, that the judge presiding at such next term properly declined to entertain it. It is *res adjudicata.*

(*Peebles* v. *Foote*, 83 N. C., 102; *Sanderson* v. *Daily*, 83 N. C., 67; *Mabry* v. *Henry*, *Ib.*, 298; *State* v. *Evans*, 74 N. C., 324; *Wilson* v. *Lineberger*, 82 N. C., 412; *Jones* v. *Thorne*, 80 N. C., 72, cited and approved.)

APPEAL from an order made at Fall Term, 1882, of OR-ANGE Superior Court, by *Graves, J.*

This appeal presents but one question for consideration, and that is whether a motion to vacate an order of arrest can be entertained after a similar motion had been made in

---

*RUFFIN, J., did not sit on the hearing of this case.

the progress of the cause, upon the same grounds, and refused.

The action in which the motion was made was commenced by summons on the 5th day of September, 1881, and a complaint was filed the same day. The plaintiff also obtained an order of arrest on the same day returnable before the clerk of the superior court on the 4th day of October, 1881, which was duly executed, and on that day the defendant moved to vacate the order of arrest, and reduce the bail, which after being heard by the clerk was refused, and the defendant appealed to His Honor Judge Gudger, at fall term, 1881, of the superior court for said county, who heard all the matters involved in the motion upon the affidavit of the plaintiff, the counter-affidavit of the defendant, and opposing affidavit offered by plaintiff; and, after argument of counsel for both parties, sustained the decision of the clerk and refused to vacate the order of arrest or reduce the bail.

The defendant thereupon prayed an appeal to this court, but afterwards withdrawing his appeal gave an undertaking with security acceptable to the plaintiff, filed a demurrer to the complaint, and the cause was continued to spring term, 1882. At that term, the defendant appeared and was surrendered by his bail into the custody of the sheriff, withdrew his demurrer, and confessed judgment for the amount claimed in the complaint, which was duly entered.

A motion was then made by the defendant's counsel to discharge the defendant from custody, upon the ground that no allegations of fraud were set forth in the complaint.

After argument of counsel His Honor dismissed the motion, assigning as reasons for doing so, that it appeared from the order heretofore made, that a motion to vacate the order of arrest and reduce the amount of bail had been made at the preceding term, and denied by Judge Gudger, and that no appeal had been taken from said order, and that in the

affidavit apon which the order was made there was an allegation of fraud in attempting to evade the performance of obligations, &c., by concealing property, and, also that the motion then made was similar in effect to a motion to vacate the order of arrest, and should have been made before judgment taken in the action.

Mr. John W. Graham, for plaintiff.
No counsel for defendant.

ASHE, J., after stating the above. We are unable to discover any error in the ruling of His Honor, or in the reasons assigned for his conclusion. The motion to discharge the defendant from custody was in effect a motion to vacate the order of arrest, which is the only means provided by which a defendant under arrest under such circumstances can obtain his deliverance, and that motion, as His Honor correctly held, can only be made before judgment, (C. C. P., § 174.) And the ground of the motion that there was no allegation of fraud in the complaint is untenable. It was not necessary that the complaint should contain any allegation of fraud. When the action is like this, for a simple money demand, the grounds for the arrest may be, and most usually are, set forth in an affidavit by the plaintiff, or any other person, that a sufficient cause of action exists, " and that the case is one of those mentioned in section one hundred and forty-nine." C. C. P., § 151. Peebles v. Foote, 83 N. C., 102.

The motion to discharge the defendant from custody, being in effect the same as the motion to vacate the order of arrest, the defendant was concluded from renewing that motion, even if it had been made before judgment. The decision upon the first motion was made by a court of competent jurisdiction upon a substantial right which was re-

viewable by appeal, but no appeal was taken, and must therefore govern this case as *res adjudicata.*

There are many motions incidental to the progress of a cause, made to facilitate the trial, that may be made from time to time, the rulings upon which are not the subject of appeal; but when a motion is made involving, as in this case, a *substantial right* and is reviewable by appeal, but not appealed from, the decision must be as conclusive as a final judgment in the action. *Sanderson* v. *Daily,* 83 N. C., 67 ; *Mabry* v. *Henry,* 83 N. C., 298.

A case in point is *State* v. *Evans,* 74 N. C., 324, where a prisoner was put in jail for larceny, and the jury not being able to agree were discharged. The prisoner's counsel thereupon moved for his discharge. The motion was refused, and at the next term a similar motion was made and allowed. On the appeal this court said : "So we have the conflicting rulings of two of the judges of the superior courts in the very same case ; in fact, one judge reverses the decision of the other judge. How is this unseemly conflict of opinion to be prevented ? It can only be done by enforcing the rule *res adjudicata.* See also 2 Taylor on Ev., § 1513. To the same effect are the cases of *Wilson* v. *Lineberger,* 82 N. C., 412, and *Jones* v. *Thorne,* 80 N. C., 72.

There is no error. Let this be certified to the superior court of Orange county.

No error.          Affirmed.