A. J. HALCOMBE v. COMMISSIONERS OF HAYWOOD.

*Action dismissed or Injunction denied, when not res adjudicata—*
*Counties and County Commissioners.*

1. An action dismissed for a cause not involving merits, like a nonsuit, does not deprive the plaintiff of the right to bring a new suit for the same cause of action.

2. The denial of an application for injunction on account of the want of a material averment and sufficient evidence, is no obstacle to granting a second similar application sufficient in form and supported by evidence.

3. Under article seven, section seven of the constitution, the approval of a majority of the qualified voters in a county is not required to enable the commissioners to exercise the power conferred by the legislature of levying a tax to meet necessary expenses—here, the building of a court-house. See *Evans* v. *Commissioners, ante,* 154.

(*London* v. *Wilmington,* 78 N. C., 109; *Edney* v. *Motz,* 5 Ired. Eq., 233; *Jones* v. *Thorne,* 80 N. C., 72; *Mabry* v. *Henry,* 83 N. C., 298; *Roulhac* v. *Brown,* 87 N. C., 1; *Wilson* v. *Lineberger,* 82 N. C., 412, cited and approved).

MOTION for an injunction in a suit pending in HAYWOOD Superior Court, heard at Chambers, before *Avery, J.*

From the order refusing to grant the motion, the plaintiff appealed.

*Mr. Fred C. Fisher,* for plaintiff.
No counsel for defendant.

SMITH, C. J.   The aim of the present action is to arrest the collection of county taxes levied in excess of two-thirds of one per centum upon the valuation of the taxable property in the county of Haywood.

Numerous irregularities are apparent in the conduct of the cause from its beginning to the appeal. The summons issued on December 9th, 1882, and served soon after on the commissioners, is returnable to the term of the superior court held in the

month of May of the year following.   The plaintiff on the same day filed in the clerk's office a verified complaint, and five days thereafter what he designates a supplemental complaint, similarly sustained on oath.   Upon the presentation of these, used as evidence, before the judge of the adjoining district, he obtained a rule upon the defendants to show cause before the judge of the 9th district on a day and at a place mentioned, why an injunction should not issue to prevent the enforcement of the alleged excessive tax, and meanwhile a restraining order.

On January 8th, 1883, according to notice, the parties appeared before the last named judge, when in answer to the rule, the defendants put in what they denominated a demurrer to the complaint, and an amended demurrer, both in form such, and signed by counsel; the latter of which, as appears from ·the clerk's certificate, was filed in his office on the 6th day of January.

His Honor, Judge Gudger, being a resident and tax-payer in Haywood, declined to entertain the application for an injunction order, or to act in the premises; and thereupon the plaintiff gave notice, which was at once accepted by defendants' counsel, of a similar motion to be made before *Avery,* J., at Morganton, on the 18th day of the same month, and also for leave to amend his complaint.   The temporary restraining order was continued in force until the proposed hearing could be had, and the clerk directed to transmit to him all the papers in the cause bearing upon the matter.

Upon the hearing and reading the affidavits and demurrer with the amendment thereto, the judge sustained the demurrer and vacated the restraining . order, taxing the plaintiff with the costs.

From this judgment the plaintiff appealed, but failed to perfect the same, and was allowed to amend the summons and complaint.

The plaintiff sued out on January 20th, what is termed an amended summons against the commissioners, and another two days later against them and one A. J. Herren, a justice of the

peace in the county, which were soon after served, returnable to the same spring term of the court.

The plaintiff also filed what he calls an amended complaint in the clerk's office, verified on January 21st, repeating in substance and almost in words the allegations contained in the former, adding an averment that he had paid or tendered the tax due from himself up to the alleged excess, to-wit: two-thirds of one per cent. on the hundred dollars worth of property.

With this corrected affidavit, after due notice to the defendants, the plaintiff made a renewed application to *Avery, J.,* at Morganton, on February 3d, which was also denied, and the plaintiff appealed.

The case stated does not disclose the grounds upon which the motion was refused, nor have we had the benefit of an argument for the appellees in support and explanation of the ruling.

This is a sufficient narration of the successive steps taken, as shown in the record after the initiation of the suit and before the term of the court to which the various writs issued were to be returned, and when in due and orderly course the pleadings were to be made up and the issues presented.

This collateral pursuit of a restraining order, to procure which proofs by affidavit or otherwise are required (and the pleadings themselves put in on oath may be used as such), seems to have been treated as the cause itself, instead of its incident progressing regularly towards a final result.

It is understood and argued by plaintiff's counsel that the denial of his motion was predicated upon the supposed effect of the previous denial, as being a case of *res adjudicata.* We do not concur in the application of the principle to the facts of the present case. The facts set out in the different affidavits or complaints are not the same: the former failed to show that the plaintiff had paid the tax admitted to be legal, an omission fatal to his claim for relief, as decided in *London* v. *City of Wilmington,* 78 N. C., 109, while the last contains an averment of such payment or offer to pay.

Indeed these are not amendments of the original, since the

judge of the adjoining district had before him only the applica-
tion for the ancillary restraining order and the evidence upon
which it was asked, but he had not jurisdiction of the pleadings
or processes in the cause. There are two distinct and indepen-
dent actions, and the last accompanying complaint, though mis-
named, is the statement of the cause of action in it. The rejec-
tion of the first does not consequently offer an insurmountable
obstacle to the granting of a second similar application sup-
ported by sufficient evidence. The authorities to this effect are
numerous and clear. High on Inj., §998; *Edney* v. *Motz*, 5
Ired. Eq., 233; *Jones* v. *Thorne*, 80 N. C., 72.

If His Honor made his decision upon the ground that the
former adjudication precluded him from entertaining the same
motion again, it may have been induced by what is declared in
*Mabry* v. *Henry*, 83 N. C., 298; and *Roulhac* v. *Brown*, 87
N. C., 1. These cases do not, however, settle a principle that
covers the present, nor furnish authority for the ruling in the
court below. In those cases attempts were made to reopen an
*adjudication previously made after full hearing upon the merits,*
and they were properly rejected.

The ruling does not extend to an application supported by
sufficient evidence, when the former rejection was for the want
of it. The distinction is between non-action, a refusal on account
of deficient necessary evidence, and positive action, a refusal
founded upon evidence sufficient to determine the question of
right and a decision upon the merits of the proposition. An
action dismissed for a cause not involving merits, like a nonsuit,
does not deprive the plaintiff of the right of bringing a new
suit for the same cause of action.

In *Wilson Lineberger*, 82 N. C., 412, after the overruling of
a demurrer to the complaint, the court declined to entertain a
motion to dismiss, the complaint being unchanged, because its
sufficiency in law was involved in the motion, and this had been
decided in the issue raised by the demurrer. Had the demurrer
been upheld, and the defects in the complaint pointed and been

removed, it would of course have been exposed to a demurrer also. This is in substance the aspect of the present case. The withholding a restraining order on the first application simply adjudges the *insufficiency of the evidence then offered*, and leaves open the question whether it shall be allowed upon another and better showing, and is not conclusive upon the plaintiff.

The act of 1879, ch. 170, which authorizes the construction of a court-house and the issue of bonds and levy of a tax to meet the expenses to be incurred in section eleven, restrains the exercise by the commissioners of the powers conferred until by means of an election the sanction of a majority of those who may vote shall be obtained. It is averred in the complaint, and we must at present assume this to be true, that no such election has been ordered or held.

But this has been dispensed with by the act of 1883, ch. 7 which went into operation on January 16th, four days before the second suit was begun, and which was perhaps not then known to the plaintiff's counsel. The act authorizes the imposition of a special tax, not to exceed thirty-three and one-third cents on the one hundred dollars in value of property subject to tax, and one dollar on the poll, to be levied annually until a sum sufficient to pay for the building is provided, and requiring the ratio between the property and poll-tax to be observed in all levies made.

The complaint shows that the equation has been maintained, while it denies that any popular vote has been taken : it is not necessary under the last act, and is not required under the constitution, article 7, section 7, which applies to other objects, and not to the "*necessary expenses*" of a county ; and most clearly the building of a court-house is a necessary expense for the county. The opinion in *Evans* v. *Commissioners of Cumberland*, decided at this term, *ante*, 154, renders a further discussion superfluous.

There is no error in the ruling of His Honor, and the judgment must be sustained. Let this be certified to the court below.

No error.　　　　　　　　　　　　　　　　　　　Affirmed.