E. A. JOHNSON, Executor of Frank Palmer v. J. C. MARCOM.

*Practice—Modification by one Judge of Judgment rendered by Another—Executors and Collectors—Counsel Fees—Jurisdiction.*

1. One Judge has no power to reverse or set aside, in whole or in part, a final order or judgment rendered by another Judge except on notice and a showing that there was on the part of the complainant mistake, inadvertance, surprise or excusable neglect by which he was injured.

2. A collector of the estate of a decedent who resists the claim of the executor of the estate to a fund in his hands which, after litigation, is awarded to the executor, is not entitled to an allowance for counsel fees paid by him in such litigation.

3. The allowance of expenditures of a collector of an estate is, under Section 1524 of *The Code*, within the original jurisdiction of the Clerk of the Superior Court and the Court at Term has no power to make an allowance to the collector for counsel fees paid by him in a litigation in which he attempted to defeat the rightful claim of the executor to a fund in his hands.

MOTION by defendant for allowance for counsel fees paid by him as collector and to that extent to modify a judgment rendered against him at a former Term by *Boykin, J.*, heard at February Term, 1896, of WAKE Superior Court before *Adams, J.* The motion was allowed and plaintiff appealed.

*Messrs. Battle & Mordecai*, for plaintiff (appellant).
*Messrs. Argo & Snow*, for defendant.

MONTGOMERY, J.: A caveat was filed to the will of Frank Palmer, deceased, on the 28th of May, 1895, the day after the will was admitted to probate before the clerk of the Superior Court of Wake County. The executor E. A. Johnson, was removed without notice and without fault, and the defendant Marcom was appointed collector of the decedent's

estate.   These orders of the clerk, on the appeal of the executor, were reversed at the next term of the Superior Court and the ruling of that court affirmed, on the appeal of defendant, by this court.   The executor Johnson upon being re-instated demanded of the defendant an amount of money which he had received, as collector, on the 24th of July, 1895, from the Life Insurance Company of Virginia on the policy of the testator, and upon refusal the action was begun in which the order now before us for review was made.

The case was tried at the October term, 1896, and the plaintiff recovered judgment against the defendant Marcom and the sureties on his bond, as collector, for the penalty of the bond to be discharged upon the payment of the sum of $120., the amount of the policy of insurance, the interest and costs.   At the February term following, the defendant made a motion, without notice and without any allegation, that the judgment against him was taken through his mistake, inadvertence, surprise or excusable neglect, asking to be allowed by the court to retain out of the amount still remaining in his hands the sum of $30.00, which he alleged he had paid to his counsel.   His Honor made an order in the following words: "This cause coming on, upon motion to allow counsel fees of $30.00 which said collector contracted in his defence of the possession of the estate of Martin Palmer deceased, and it appearing to the court that the same are reasonable and have been actually paid to counsel; it is considered and adjudged that said collector be and is hereby allowed the said sum of $30.00 as counsel fees and that the same be deducted from the fund still remaining in his hands, upon final payment of the same."

There was error in the making of this order.   The judgment in the original action was a final judgment, and one Superior Court Judge can not reverse or set aside, in whole

JOHNSON *v* MARCOM.

or in part, the judgment or order of another Judge except upon notice, and for the reason that in the rendering of the judgment there was on the part of the complainant mistake, inadvertence, surprise or excusable neglect, by which he has been injured. *Henry* v. *Hilliard*, 120 N. C., 479; *Code*, Sec. 274. The defendant cannot complain that the allowance he seeks to reimburse him for fees paid to counsel is defeated by a purely technical rule of court practice. He is not entitled to the allowance upon the merits. In the action he did not render any service for the benefit of the estate of the testator, but on the other hand he did his utmost to defeat the claim of the executor. He denied the right of the executor to recover, and averred that the amount in dispute was the property of one Mary Lyon, and "that said policy and money were not of the assets of the estate of Frank Palmer, deceased, were not received as such by said Marcom and do not belong to the estate." The defendant really was aiding one whose claims were adverse to that of the plaintiff. He was not even professing to act for the benefit of the estate of Frank Palmer, directly or indirectly, and the question therefore of the allowance of reasonable counsel fees to persons who act in a fiduciary capacity does not arise and need not be discussed.

If His Honor intended as it seems he did, to base his order upon the fact that the defendant had taken care of the estate of the testator during the time he was acting collector, and that he ought to be compensated for that service, he had no power to make such allowance, for that matter is in the original jurisdiction of the Clerk of the Superior Court. *Code*, Section 1524.

Reversed.