F. R. MANGUM et als. v. B. W. MANGUM et als.

(Filed 11 November, 1909.)

1. Judicial Sales—Deferred Payments—Title—Defenses—Arbitration.

Purchasers of land at a judicial sale resisting payment of their notes given for deferred payments, upon the ground that the lands overlapped an adjoining owner, and that therefore the commissioner could not make title, having agreed to submit this question to arbitration, are bound by the award made in conformity with their agreement, in the absence of fraud, misconduct, corruption, partiality or bad faith on the part of the arbitrators.

2. Arbitration—Award, Correct Form—Reasons and Evidence.

Arbitrators are not required to set out in their award any reasons for it, or any of the evidence upon which it is based.

APPEAL from *Long, J.,* March Term, 1909, of DURHAM.

Motion in the cause. His Honor denied the motion to set aside an award made by arbitrators, and gave judgment against respondents, J. W. Smith and S. P. Mason, who appealed.

The facts are stated in the opinion of the Court.

*Giles & Sykes* and *W. W. Mason* for appellants.

*W. B. Guthrie, R. O. Everett, D. W. Sorrell* and *Jones Fuller* for appellees.

BROWN, J.   The respondents purchased at the judicial sale, made under the decree in this cause, certain real estate known as the High lot, for the sum of $4,370, payable one-third cash, one-third at six months and one-third at twelve months, with interest.   The respondents failed to pay said notes, and the commissioners moved in the cause for judgment.   The respondents made defense that the boundary of the lot was in dispute, and that the boundary as sold by the commissioners lapped over on the lot of one Christian at least five feet, and that the commissioners could not make title thereto.   In the Superior Court it was agreed by all the parties, including these respondents, to refer the question as to quantity and boundary lines and title to three arbitrators, whose award should become the judgment of the court.

The arbitrators were selected and made their award, and these respondents except to the award.

By the submission the parties agreed that the dispute as to the quantity of the land and the boundaries thereof should be decided by the arbitrators.

These parties were capable of submitting their controversy to arbitrament, and consequently must be bound by the award, unless the arbitrators have transcended their authority. *Milsaps v. Estes,* 137 N. C., 535.   The basis of the award is the submission, and under it the duties of the arbitrators are emphasized: "The especial duty of these arbitrators shall be to ascertain and determine whether or not the commissioners can convey the amount of land which they offered to convey to the purchasers." This was the matter in dispute; this was submitted to the arbitrators, and their award determines and puts an end to that dispute.

Respondents do not allege fraud, misconduct, corruption, partiality or bad faith on the part of the arbitrators.   In the absence of such allegation and proof to support it, the award will not be set aside. *Ezzell v. Lumber Co.,* 130 N. C., p. 205 (207); *Henry v. Hilliard,* 120 N. C., p. 479 (487 and cases cited).

The arbitrators have given no reasons for their award, and have stated with commendable clearness exactly what their award is, viz.: "We hereby award that the lines of the land sold by the commissioners in these proceedings to Messrs. J. W. Smith and S. P. Mason are as shown on the plot of E. C. Belvin of the property of J. S. and W. Mangum, on Chapel Hill Street,

Durham, N. C., made 23 March, 1907, a copy of which is hereto attached and made a part hereof, and we hereby ascertain, determine and award that said commissioners can convey the amount of land and the identical land which they offer to convey to the purchasers, J. W. Smith and S. P. Mason."

Arbitrators are not required to set out in their award any reasons for it, or any of the evidence upon which it is based, and it is best they should not. *Osborne v. Calvert,* 83 N. C., p. 365 (369 and 370); *Henry v. Hilliard,* 120 N. C., 479 (486 *et seq.*); *Keener v. Goodson,* 89 N. C., p. 273 (276).

The judgment of the Superior Court is
Affirmed.