D. D. BONNER v. W. C. RODMAN, Trustee.

(Filed 10 September, 1913.)

**1. Injunction—Foreclosure—Admitted Debt—Equity.**

In an action for an accounting by a trustee in a deed of trust, given on lands to secure a debt, the court may issue an order restraining the trustee from selling the land under the instrument upon condition that he pay into court the amount of money he admits to be due by him, upon the principle that he who asks equity must do equity.

**2. Injunction—Appeal and Error—Subsequent Motion—Court's Jurisdiction.**

Where in an action by a trustor in a deed of trust given on lands to secure a debt, the court has granted an order restraining the sale of the lands upon condition that the plaintiff pay into court the amount he admits to be due, and he fails to perform the condition imposed and appeals to the Supreme Court, he may not thereafter renew the motion for the order in the Superior Court upon the same state of facts, for the appeal carries with it all questions incident to and necessarily involved in the ruling to the appellate court.

Brown, J., did not sit.

From Beaufort. Motion for injunction, heard by *Bragaw, J.,* at chambers, 3 July, 1913.

This is an action for an accounting to ascertain the amount due under a deed of trust, executed by the plaintiff to the defendant Rodman, on 19 April, 1905.

163—1

BONNER v. RODMAN.

The trustee advertised the property conveyed in the deed· of trust for sale, under the power in the deed, and the plaintiff, on 15 May, 1913, applied for a restraining order, which was granted by *Judge Whedbee,* but he required the plaintiff to pay. into court, on or before 15 June, 1913, the amount he admitted to be due.

The plaintiff excepted and appealed to the Supreme Court.

The plaintiff failed to pay said amount, as provided in the order of *Judge Whedbee,* and the trustee again advertised the property for sale, and the plaintiff again applied for a restraining· order before *Judge Bragaw,* upon substantially the same facts presented before *Judge Whedbee.*

*Judge Bragaw* granted the restraining order, but upon condition that the plaintiff pay into court the amount admitted to be due, by 1 October, 1913.

The defendants excepted and appealed.

*Harry McMullan for plaintiff.*
*W. B. Rodman, Jr., for defendant.*

PLAINTIFF'S APPEAL. .

ALLEN, J. The plaintiff admitted that he owed the defendants $436, and it was therefore within the power of the court, upon the facts appearing in this record, to require the payment of this sum within a reasonable time before granting equitable relief, upon the familiar principle that he who asks equity must do equity, although a case might arise in which the court could refuse to impose such a condition.

An order similar to the one appealed from was approved in *Pritchard v. Sanderson,* 84 N. C., 299.

Affirmed.

BROWN, J., did not sit.

DEFENDANTS' APPEAL.

ALLEN, J. The appeal from the order of *Judge Bragaw* presents the question of the right of a party to renew his motion for a restraining order, upon substantially the same facts presented on his first application, and after he has appealed from the first order.

The denial of a motion for a restraining order for want of some material averment or because the evidence is insufficient does not prevent the renewal of the motion (*Halcombe v. Commissioners,* 89 N. C., 346), but it has been uniformly held in this Court that the motion cannot be made on the same facts after an appeal from the first order: *Jones v. Thorne,* 80 N. C., 72; *Pasour v. Lineberger,* 90 N. C., 161; *Penniman v. Daniel,* 91 N. C., 431; *Green v. Griffin,* 95 N. C., 50; *Henry v. Hilliard,* 120 N. C., 487; *Combes v. Adams,* 150 N. C., 70.

In the last case cited, which was an appeal from an order denying a second motion for a restraining order, after an appeal from the first order, *Justice Hoke* says: "While the Court has held that an appeal from an interlocutory order leaves the action for all other purposes in the court below, the decision is also to the effect that the disposition of the interlocutory order and all questions incident to and necessarily involved in the ruling thereon are carried by the appeal to the appellate court, and the judge below therefore had no power to entertain or act upon appellant's motion."

We are, therefore, of opinion there is error.

Reversed.

BROWN, J., did not sit.