DOXOL GAS OF ANGIER, INC. v. GRAHAM HOWARD, SR.

No. 7511SC520

(Filed 17 December 1975)

**Execution § 16; Receivers § 1— receiver in aid of execution — appointment proper**

In a proceeding for the appointment of a receiver in aid of execution, the trial court properly treated the parties' verified pleadings as affidavits and found that plaintiff was entitled pursuant to G.S.

Doxol Gas v. Howard

1-363 to the appointment of a receiver in aid of execution; and it was not required that plaintiff prove pursuant to G.S. 1-502(3) that defendant judgment debtor had property which he was refusing to apply to the satisfaction of the judgment.

APPEAL by defendant from *Hall, Judge.* Judgment entered 1 April 1975 in Superior Court, HARNETT County. Heard in the Court of Appeals 15 October 1975.

On 1 October 1968 plaintiff obtained a judgment against defendant for $4,920.59. After a series of unsuccessful levies of execution, plaintiff, on 31 January 1975, petitioned the Superior Court for the appointment of a temporary receiver. In his verified petition, plaintiff alleged upon information and belief that defendant owned leviable property but that defendant was ". . . attempting to conceal or dispose of [it] in order to avoid the payment of said judgment. . . ." Plaintiff further alleged that its belief was based upon the following: that defendant possessed and maintained automobiles and trucks; that he operated an extensive tobacco farming operation for several years; that he acquired one of the more advanced mechanized tobacco operations in this State several years ago and continues to operate that operation; that he listed property for tax purposes in Harnett County; that he owned real estate in Harnett County which has been placed in the names of others but defendant continued to obtain financing for maintaining and acquiring the property; and that defendant maintained various checking accounts and had negotiated for acquisition of farm goods and supplies and held himself out as the principal owner of the farm. Based on this information, plaintiff alleged "[t]hat unless a receiver . . . is appointed by this Court the defendant may dispose of his property and collect the amount due to him, and the plaintiff will suffer great loss and irreparable loss, unless a receiver for said property and funds be appointed by this Court."

Defendant's verified response to the petition admitted that plaintiff had pursued unsuccessful levies of execution, but denied all of plaintiff's substantive allegations with respect to the debt owed and the purported property holdings and business interests of the defendant.

Based on the verified pleadings and a stipulation that there was no other pending bankruptcy or receivership action, the Superior Court on 1 April 1975, appointed a receiver in aid of execution. From the order entered, defendant appealed.

*James F. Penny, Jr., for plaintiff appellee.*

*Edgar R. Bain and L. Holt Felmet for defendant appellant.*

MORRIS, Judge.

Though the question is not raised by either party, we must first determine whether this matter is presently appealable. In support of our determination that this case is properly before this Court, we note the decision of our Supreme Court in *Jones v. Thorne,* 80 N.C. 72, 75 (1879), wherein the then Chief Justice Smith wrote that "[t]he granting or refusing an order . . . for the appointment of a receiver is not a mere matter of discretion in the judge, and either party dissatisfied with his ruling may have it reviewed." See also G.S. 1A-1, Rule 62(a).

Defendant basically contends that plaintiff is proceeding under G.S. 1-502(3) and had to prove that defendant judgment debtor had ". . . property which he is refusing to apply to the satisfaction of the judgment." He argues that plaintiff relied solely on its verified petition which, standing by itself, is not competent to support appointment of a receiver; especially when defendant's response denies plaintiff's material allegations. We disagree. The trial court appointed the receiver pursuant to G.S. 1-363. Under G.S. 1-363,

> "[t]he court or judge having jurisdiction over the appointment of receivers may also by order in like manner, and with like authority, appoint a receiver in proceedings under this article of the property of the judgment debtor, whether subject or not to be sold under execution, except the homestead and personal property exemptions. But before the appointment of the receiver, the court or judge shall ascertain if practicable, by the oath of the party or otherwise, whether any other supplementary proceedings are pending against the judgment debtor, and if so, the plaintiff therein shall have notice to appear before him, and shall likewise have notice of all subsequent proceedings in relation to the receivership. No more than one receiver of the property of a judgment debtor shall be appointed. The title of the receiver relates back to the service of the restraining order, herein provided for."

In an application for appointment of a receiver, the motion may be ". . . supported by affidavits and other written or documentary evidence." *Coates v. Wilkes,* 92 N.C. 377, 383 (1885);

also see G.S. 1A-1, Rule 43 (e). This rule stated in *Coates* turned on Code Sec. 494, which essentially remains intact under present day G.S. 1-363. As we have previously stated "[t]here has been no amendment or change in phraseology since that time." *Massey v. Cates,* 2 N.C. App. 162, 164, 162 S.E. 2d 589 (1968). There we said, quoting from *Coates v. Wilkes, supra:*

> "In discussing the evidence sufficient to warrant the appointment of a receiver, the Court said:
>
>> 'Indeed, a receiver is appointed almost as of course, where it appears that the judgment debtor has, or probably has, property that ought to be so subjected to the satisfaction of the judgment, after the return of the execution unsatisfied. . . .'
>>
>> '. . . To warrant the appointment of a receiver, it need not appear, certainly or conclusively, that the defendant has property that he ought to apply to the judgment— if there is evidence tending in a reasonable degree to show that he probably has such property, this is sufficient; . . .' " *Id.* at 165.

Though the parties here utilized verified pleadings, we hold that they essentially operate as affidavits in this matter and should be construed accordingly. The trial court stated in his judgment that the matter was heard "upon affidavit and motion of the plaintiff for the appointment of a receiver in aid of execution." He found that plaintiff was entitled "pursuant to G.S. 1-363 to the appointment of a receiver in aid of execution." We find no error in the trial court's determination that a receiver is necessary to expedite resolution and retirement of this debt.

Affirmed.

Judges PARKER and MARTIN concur.